CASE 90—PETITION EQUITY—NOVEMBER 23.

# Taylor vs. Young's adm'rs.

APPEAL FROM HENDERSON CIRCUIT COURT.

1. Exceptions to a commissioner's report, like special demurrers, admit every thing not thus excepted to. When the exceptions were over-ruled there was no litigation in the circuit court, and therefore the defendant could not have been prejudiced by a judgment which he could not have avoided or resisted on any subsequent day of the term; and although the judgment was rendered on a day before it was set for trial on the docket, the judgment will not be reversed for that cause alone.

2. The master in chancery has the inherent power to take and report testimony concerning matters of fact referred to him by his court. In such inquiries, formal depositions before an examiner are neither necessary, nor certified otherwise than by the master in his report.

3. A partner having the partnership funds in his hands after the dissolution of the copartnership, and knowing himself to be indebted to his copartner, and refusing to offer or to make payment, may justly be held liable for interest on the amount thus withheld from his copartner. (*Bowling vs. Dobyns*, 5 *Dana*, 434.)

H. & M. YEAMAN,                                    For Appellant,

CITED—

Civil Code, sections 624, 625, 626, 604, 263, 380, 392, 393, 578, 397, 344.

MSS. Opin., Feby., 1858; Haynes vs. Hawkins.

VANCE & BROWN and HARLAN,                    For Appellees,

CITED—

Daniell's Chancery Practice, 1494, 905, 1497, 1492.

9 Pick., 73.

3 John. C. R., 81.

1 Ala., 35.

6 *John. R.*, 592; *Wilkes vs. Rogers.*

13 *Peters*, 359; *Story vs. Livingston.*

5 *Dana*, 438; *Bowling vs. Dobyns.*

7 *Dana*, 201; *Honore vs. Colmesneil.*

8 *Dana*, 233; *Moon vs. Story.*

3 *P. Wms.*, 142.

*Hoffman's Masters in Chy., pp.* 81, 82, 56.

1 *M. & B. Statutes*, 288.

4 *Littell*, 190.

1 *Monroe*, 80.

5 *J. J. Marshall*, 83.

5 *J. J. Marshall*, 226.

9 *Dana*, 11.

7 *B. Mon.*, 200.

2 *Johns. Chy. R.*, 493; *Runsen vs. Runsen.*

1 *J. J. M.*, 508.

2 *Stant. Rev. Stat., chap.* 65, *p.* 140.

*Civil Code, sections* 590, 591.

*Act of March* 3, 1863, *Myers' Code, p.* 172.

HARVARD LAW SCHOOL LIBRARY

JUDGE ROBERTSON DELIVERED THE OPINION OF THE COURT:

In the year 1862, Milton Young and the appellant, William G. Taylor, engaged as partners in the enterprise of buying, stemming, prizing, and shipping tobacco— Young to furnish three fourths and Taylor one fourth of the capital, and each to be entitled to profits in corresponding proportions.

In January, 1863, before the close of the buying and shipping season, and after much tobacco had been bought and partially prepared, Young died intestate. On the 5th of February, 1863, the appellees, as his administrators, filed a petition in equity, seeking, for the benefit of all concerned, a joint prosecution of the business until the close of the operating season, which would be about the

1st of August, 1863, and praying finally for a settlement. Taylor filed his answer on the same day, admitting the allegations and concurring in the prayer; whereupon, the court, sanctioning the proposed arrangement, appointed the appellees managers and receivers for the deceased partner, and authorized them to receive three fourths and the appellant to receive one fourth of the proceeds of sales.

The case was submitted three times to the court's commissioner to audit the accounts and take testimony. To the last report, finding a balance over eight thousand dollars against the appellant, he filed various exceptions; and on a day preceding that set for the trial of the cause, but during the same term, the court, on notice to the appellant, took up his exceptions and overruled all of them except one to an allowance to the partner, Young, of one thousand five hundred and seventy-four dollars and twenty-two cents for money charged as having been paid for hire of hands, and the other to an allowance of two hundred and thirty-eight dollars, charged as having been paid by said Young to one Sugg for a debt due by the firm. Thereupon, overruling a motion for a continuance made by the appellant, the court resubmitted those two items to the commissioner, and, deducting the aggregate amount of them from the balance reported by the commissioner, on the same day rendered judgment for the residue, with interest from the time when, according to the first decretal order, the appellant had actually received a portion and had acquired credit and potential control over the residue of his fourth of the proceeds of sale; and, although the court had properly overruled the appellant's motion for a continuance for further time to prove some credits claimed by him, and respecting which he had never offered any evidence, yet

leave was given him to make proof of them before the commissioner.

On a subsequent day of the term a motion by the appellant to set aside the judgment as premature was overruled, and he now seeks a reversal, because—1st. The judgment before the day docketed for trial was unauthorized; 2d. The court erred in admitting the testimony reported by the commissioner, which was not taken in the formal style of depositions before the regular examiner; and 3d. Interest was not justly chargeable.

These grounds will be considered in a very general and brief manner.

The exceptions, like special demurrers, admitted every thing not thus excepted to ; and, when these were overruled, there was no litigation in the circuit court except as to the ulterior matters referred to the commissioner. The appellant, therefore, could not have been prejudiced by a judgment which he could not have avoided or resisted on any subsequent day of the term; and we see no reason why the inevitable judgment might not have been properly rendered, as it was, on overruling the exceptions, when both parties were in court, and the appellant could make no further defense in the circuit court against the amount adjudged.

As often adjudged in England and in most of the American States, and especially in Kentucky, the master in chancery has inherent power to take and report testimony concerning matters of fact referred to him by his court. And, moreover, in this case the order of reference expressly directed him to take testimony. Under this anthority he examined witnesses on oath and certified their statements, not as formal depositions taken to be read for the first time on the hearing of the cause in

court, but as facts constituting the basis of his report. In such inquiries formal depositions before an examiner are neither necessary nor ever certified otherwise than by the master in his report.

" Interest is not generally allowed on a balance found due upon a partnership account. But where the partnership has ended and a considerable sum remains in the hands of one partner, to which the other is entitled, and where this is known to the partner in whose hands the sum is held, and who fails to pay over until suit, a sum equal to the principal and interest should be decreed." (*Bowling vs. Dobyns,* 5th *Dana,* 434, and several other concurrent cases in this court.)

As the appellant seems to have owed the balance of principal adjudged, and must be presumed, from his access to the partnership books and otherwise, to have known that he was using so much of his copartner's money without a voluntary offer to pay any of it after the dissolution of the partnership, his case is substantially embraced by the principle just quoted.

For the foregoing reasons we cannot reverse the judgment for any of the assigned errors.

Nor can the appellant complain that, as the circuit court permitted him to take testimony before the commissioner in support of his account disallowed for want of any proof, the judgment, to that extent, was not suspended. Such suspension might have been more regular and consistent; but this reference was a favor, not a right, and so far a gratuitous benefit to the appellant, which the court might have rightfully withholden. And if he shall establish his account, or any portion of it, he will be entitled to credit or restitution of so much, with interest.

And, not satisfied that the two items to which the appellant's exceptions were sustained were sufficiently proved, and especially as the reference of them again to the commissioner can do no ultimate harm, we will not reverse on the cross-errors assigned for that cause.

Wherefore, the judgment is *affirmed.*