CASE 37—PROCEEDING TO CONDEMN LAND—FEBRUARY 12.

## Portland & Greenwood Turnpike Co. v. Bobb.

APPEAL FROM PENDLETON CIRCUIT COURT.

1. A CORPORATION CREATED UNDER CHAPTER 56 OF THE GENERAL STATUTES may begin business upon the filing of the articles of incorporation in the county clerk's office; it is not essential to the validity of its acts that the articles shall be filed with the Secretary of State. The failure to comply with this statutory requirement can be taken advantage of only in a direct proceeding to annul the franchise.
2. CONDEMNATION PROCEEDINGS.—Under the statute providing the mode of condemning land for railroads and turnpikes, it is not necessary

Portland & Greenwood Turnpike Co. v. Bobb.

for the corporation to file a petition *in forma* according to the Code of Practice, but the statement filed by it as the basis of the proceeding must contain not only a particular description of the land sought to be condemned, but an averment that the land is necessary for its use, and that it has been unable to contract with the owner for it. These are jurisdictional facts, and if not stated by the applicant at the outset the proceeding should be dismissed.

3. APPEALS TO CIRCUIT COURT.—While the proceeding upon appeal to the circuit court must be tried *de novo*, the same cause of action must be tried, and there having been a failure to present a cause of action in the county court, none can be created in the circuit court by amendment.

4. BAR.—A dismissal of the proceeding without a hearing upon the merits presents no bar to another proceeding for the same purpose.

LESLIE T. APPLEGATE FOR APPELLANT.

In a proceeding to condemn land for the use of a turnpike company, a formal petition as prescribed in the Code for civil actions is not necessary. (Gen. Stat., chaps. 18, 56, 110.)

W. M. & G. A. RARDIN FOR APPELLEE.

The proceedings to condemn the land were not authorized by the statute, because there was no petition, no allegation that the land was necessary for the use of the road, and no particular description of the land sought to be appropriated. (Gen. Stat., chap. 56, 110; Civil Code, secs. 39 and 90.)

JUDGE HOLT DELIVERED THE OPINION OF THE COURT.

The appellant, the Portland and Greenwood Turnpike Road Company, instituted a proceeding in the Pendleton County Court to condemn a right of way for its road through the land of the appellee, Joseph Bobb, under the act of the Legislature of April 11, 1882, and which, by its tenth section, is made applicable to the condemnation of lands for turnpike road purposes. The first section thereof provides: "When any railroad company authorized to construct and operate a railroad in this State shall be unable to contract with the owner of any land or material necessary for its use for the purchase thereof, it shall file in the office of the

clerk of the county court a particular description of the land and material sought to be condemned, and. may apply to the county court to appoint commissioners to assess the damages the owner or owners thereof may be entitled to receive, and thereupon the said court shall appoint three impartial housekeepers of the county, who shall be sworn to faithfully and impartially discharge their duties under this act." General Statutes, chapter 18, b.

The appellant, as the foundation of the proceeding, filed what is styled in the caption, "Description of land to be condemned," and which merely gives such description, and asks the appointment of commissioners to assess the damages. It is questionable, perhaps, whether the description given comes up to the "*particular* description" required by the act; but we will so regard it.

There was no statement in any form filed stating that the company had been unable to contract with the appellee for the right of way, or that it was necessary for such purpose. The commissioners reported, and the appellee, having been summoned, appeared and presented a general and special demurrer. Both were overruled. The ground of the latter was that the appellant had attempted to incorporate itself by articles of incorporation filed for record in the office of the clerk of the county court under chapter 56 of the General Statutes, and had failed to file a copy of the articles with the Secretary of State within three months after the filing in the clerk's office as directed by the statute, and, therefore, had no legal existence as a corporation.

This same question was made by the exceptions filed

Portland & Greenwood Turnpike Co. v. Bobb.

by the appellee to the commissioners' report, and it is unnecessary to notice it further than to refer to the case of Walton, &c., v. Riley, &c., 85 Ky. Rep., 413, in which it was held that a corporation thus created may begin business upon the filing of the articles in the county court clerk's office, and that it is not essential to the validity of its acts that the articles of incorporation shall be filed with the Secretary of State. In other words, that this failure to comply with this statutory requirement can be taken advantage of only in a direct proceeding to annul the franchise.

The exceptions filed by the appellee made no issue as to the need of the land for the right of way, or whether the company had made any effort to obtain it by contract. A jury assessed the damages, and thereupon the county court rendered a judgment of condemnation. The appellee appealed to the circuit court, and there, upon his motion, the action was dismissed. This was done without any hearing upon the merits, and can not, therefore, operate as a bar to another proceeding for the same purpose.

The judgment does not give the reason for the dismissal. Counsel agree, however, in argument, that it was because of a failure at the institution of the proceeding, to file a petition setting forth the facts necessary to authorize the condemnation. It was not necessary, however, to file a petition *in forma*, according to the Code of Practice. It is a proceeding under a statute to enforce a statutory right, and the statute prescribes how it shall be done.

While, however, the statute says the company "shall file in the office of the clerk of the county court a par-

ticular description of the land and material sought to
be condemned," and then apply for the appointment of
commissioners, yet the same section provides that 'it
can only do so when the land is *necessary* for its use,
and *it has been unable to contract with the owner for it.*
If the land be not necessary for its use it can not, under
the statute, condemn it; nor can it do so unless it has
first, in good faith, made an effort to obtain it by con-
tract.    They are conditions precedent to the exer-
cise of the right of condemnation.    The power con-
ferred upon the company is an extraordinary one.    The
sovereign power vests it for certain purposes, and with
a view to a public service, with the power of eminent
domain; but it does so upon certain conditions, and
with these it should strictly comply in view of the
extraordinary power given to it over the property of
the citizen.    It can institute proceedings for its con-
demnation *only* when it is necessary for its use, and
after an effort to obtain it from the owner by contract.
The Legislature intended to restrict the exercise of the
power conferred to cases of necessity, and to afford
the owner an opportunity to contract his land or the
use of it away, thus avoiding the expense and trouble
of a court proceeding.    If the conditions do not exist
upon which the company has been authorized to con-
demn the land, then, clearly, it can not be done.    It
must show their existence.    If an issue be made as to
the necessity for the condemnation, or whether an
effort has been made, prior to the institution of the
proceeding, to obtain the land by purchase, and both
do not appear affirmatively, there can be no condemna-
tion.    This being so, a proper and reasonable construc-

tion of the statute in question requires that the company should, at the outset, and as showing its right to institute such a proceeding, not only incorporate in its statement, filed as the basis of the proceeding, a particular description of the land sought to be condemned, but an averment that it is necessary for its use, and that it has been unable to contract with the owner for it. It has no right to appear in court or bring the owner there unless this be so. They are jurisdictional facts, and should, therefore, be stated by the applicant at the outset. They lie at the foundation of the proceeding. Their existence should at least be *prima facie* shown to authorize the court to proceed. Moreover, since a failure to show them upon an investigation would result in a dismissal, common sense dictates that the party should, at the start, aver their existence, because, if he can not do so, the owner should not be forced into court. The statute not only admits of this, to our minds, a reasonable construction, but the spirit, if not the letter, of the section in question requires it.

It is true the proceeding upon the appeal must be tried *de novo*. The statute so declares. But the same cause of action must be tried; and there having been a failure to present one in the county court where the original jurisdiction is vested, it could not be created in the circuit court upon appeal by an amendment. There was nothing to amend.

Judgment affirmed.