## Terrell, et al. v. Drake, èt al.

(Decided October 17, 1911.)

### Appeal from Spencer Circuit Court.

1. Roads and Passways—Opening New Road—Petition to County Court.—Must be signed by five land owners, section 4289, Kentucky Statutes, provides that a proceeding to open a new road shall be by petition to the County Court, signed by at least five land owners of the county. Held, where one of five petitions to open a new road was not a land owner the County Court had no jurisdiction of the proceeding.

2. Owner of Property—How Deprived of it—Legislative Requirement.—Before any person is allowed to deprive another of his property, he should be made to comply exactly with the laws prescribed by the legislature.

3.  Defects—Waiver by Demurrer or Answer—Jurisdiction.—Under
    section 92, of the Civil Code, there can be no waiver, by failure
    to demur or answer, of defects necessary to give the court juris-
    diction.

SAMUEL K. BAIRD, W. C. McCHORD for appellants.

WILLIS, TODD & BOND for appellees.

OPINION OF THE COURT BY JUDGE NUNN—Affirming.

The notice required by the statute was given, and a
petition signed by L. A. Terrell, James Cubert, Vinson
Redman, Jeston Simpson and George Richardson, was
filed in the county court of Spencer county asking that
a public highway be opened to enable them to travel to
the county seat and other places named in the statutes.
The petition fixed the beginning and end of the road and
named the persons through whose land it would pass.
Commissioners were appointed to view the road and re-
port as to the expediency, availability and necessity of
opening the road. They reported, giving the metes and
bounds of the proposed road, and the names of the own-
ers of the land over which it passed. They also reported
that the road was a necessity and should be opened.
Several of the land owners appeared and filed except-
ions to the proceeding and report. A jury was im-
paneled to assess the value of the land and the damages
to the property owners. Upon a hearing of the whole
matter, the county court dismissed that application and
adjudged that the applicants pay the costs. Applicants
took an appeal to the circuit court and the land owners
filed additional exceptions, one of which was that Jeston
Simpson, one of the signers of the petition, was not a
land owner. The applicants conceded this fact and of-
fered an amended petition, adopting the former, which
named four other persons, who were land owners of the
county, as additional signers of the petition for opening
the road. The circuit court determined that, as Jeston
Simpson, one of the original signers of the petition, was
not a land owner, neither it nor the county court had
jurisdiction of the proceeding, and, therefore, refused
the amendment because there was no proceeding in the
county court to amend. Appellants claim appellees
waived the alleged defect in the proceeding, as they did
not file a special demurrer to the petition under sub-

division 4 of section 92 of the Civil Code, which is as follows:

"A special demurrer is an objection to a pleading which shows that there is a defect of parties, plaintiff or defendant. Either of said grounds of objection, shown to exist by the pleading, is waived, unless distinctly specified by a demurrer thereto, except the objection to the jurisdiction of the court of the subject of the action, which objection is not waived by failing so to make it; but a party failing so to make it when or before he files a pleading, other than a demurrer, is liable for all costs resulting from such failure."

This section expressly states that there can be no waiver by failure to demur or answer, of defects necessary to give the court jurisdiction. Section 4289, Kentucky Statutes, provides that a proceeding to open a new road,

"shall be by petition to the county court signed by at least five land owners of the county."

This court construed this section of the statutes in the case of L. & N. R. R. Co. vs. Gerard, &c., 130 Ky., 18, as follows:

"In the proceedings of this character it is indispensible that the petition shall be signed by at least five land owners and that the requisite notice be given. These are jurisdictional facts that must be made to appear in the county court, either by the record or by the introduction of evidence; and if exceptions are filed, pointing out that the required number of landowners did not sign the petition, or that the necessary notice was not given, the burden of proving these facts is upon the petitioners, as they must affirmatively show, if it is denied, that these steps necessary to give the court jurisdiction were taken."

The petition filed in the case of Portland & Greenwood Turnpike Co. vs. Bobb, 88 Ky., 226, for the purpose of condemning land, was defective in that it did not state that the land was necessary for the use for which it was sought to be condemned and that plaintiff had not been able to contract with the owner for it. The court said these were conditions precedent to the condemnation of land. The Constitution of the State gives to every citizen the right to own land, and he can not be deprived of any part of it except by the methods prescribed by the Legislature. In the case last referred to, this court said:

"The sovereign vests it (the company) for certain purposes, and with a view to a public service, with the power of eminent domain; but it does so upon certain conditions, and with these it should strictly comply in view of the extraordinary power given to it over the property of the citizen."

This seems a harsh and rigid construction of the statute, but it is best that it be adhered to. Before one person is allowed to deprive another of his property, he should be made to comply exactly with the laws prescribed by the Legislature. In the case at bar only four land owners signed the petition when the law requires that at least as many as five sign it, therefore, the court had no jurisdiction to deprive the citizen of his land.

Appellants complain because the lower court refused to allow the amended petition to be filed. In the case of Portland & Greenwood Turnpike Co. vs. Bobb, supra, the court said:

"It is true the proceeding upon the appeal must be tried de novo. The statute so declares. But the same cause of action must be tried; and there having been a failure to present one in the county court where the original jurisdiction is vested, it could not be created in the circuit court upon appeal by an amendment. There was nothing to amend."

Appellants contend that the lower court erred in adjudging all the costs against them; that appellees should pay that which accrued after the time they should have raised this question by demurrer in the county court. This would probably be true if the defects had been shown by the pleadings, but, as stated, the language of the petition was to the contrary, that is, it stated that Simpson was a land owner. It is evident that appellants believed that he was a land owner, and there is nothing in the record showing that appellees found that he was not before they made their motion to dismiss in the circuit court. If it had been shown that appellees had knowledge of this fact, and accumulated costs after receiving such information, the court should have compelled them to pay such costs accumulated, but there is nothing showing this to be true. The court did not err in adjudging the costs according to the general rule, against the unsuccessful party.

For these reasons, the judgment of the lower court is affirmed.