## Royal Elkhorn Coal Company v. Elkhorn Coal Corporation.

(Decided February 24, 1922.)

### Appeal from Floyd Circuit Court.

1. Eminent Domain—Condemnation for Purpose of Transporting Material From Mine.—Section 811, Kentucky Statutes, confers upon any person operating a mine within three miles of a railroad for the purpose of transporting material to and from such mine and railroad to construct and operate "a line of railroad" from the mine to the railroad and to condemn "such land as may be necessary, not exceeding fifty feet in width for each track necessarily constructed, etc.:" Held, that the limitations of fifty feet in width for each track necessary to be constructed is absolute, but does not prevent condemnation of a wider strip where more than one track is necessary.

2. Eminent Domain—Jurisdictional Facts—Pleading.—While it is not expressly provided by sections 835-840 of the statutes, which prescribe the procedure that a condemnation proceeding must be instituted by a formal petition averring a necessity for taking the land sought to be condemned and that the condemnor has been unable to contract with the owner, the existence of these facts is a condition precedent to the right conferred and they are jurisdictional facts which must be alleged by petition or statement as the basis of the proceeding.

3. Eminent Domain—Question of Necessity—Evidence.— The question of necessity is one of law for the court and when at issue in the pleadings must be decided by the court upon the proof.

4. Eminent Domain—Judicial Notice.—The court can not take judicial notice as matter of common knowledge that but one track will be necessarily constructed to enable the condemnor to transport material to and from his mine and an established railroad.

5. Eminent Domain—Appeal and Error.—By section 839 either party may appeal from the judgment of the county court to the circuit court and the trial in the latter court is de novo upon all questions of fact raised by either pleadings or exceptions to the commissioner's report.

6. Eminent Domain—Trial De Novo—Pleading—Amendments.—Section 134 of the Code applies to trials de novo in circuit courts of condemnation proceedings under sections 835-840 of the statutes, and the only limitation upon the court's broad discretion in causing or permitting amended pleadings to be filed is that they must be in furtherance of justice and must not change substantially the claim or defense.

A. J. MAY for appellant.

E. C. O'REAR, G. W. DEARING, E. W. PENDLETON, B. F. COMBS and A. W. YOUNG for appellee.

OPINION OF THE COURT BY JUDGE CLARKE—Reversing.

The appellant owns and operates a coal mine within about a mile of the main line of the Long Fork Railroad Company, and the appellee owns the land intervening. Appellant instituted this action in the Floyd county court to condemn a strip of appellee's land sixty feet wide at one end and one hundred feet wide at the other, for the purpose of constructing a line of railroad from its mine to the Long Fork Railroad to enable it to transport materials to and from its mine.

The power of plaintiff to condemn land for such purposes is conferred by section 815 of the statutes, which provides that the procedure shall conform to the general condemnation laws applicable to railroads prescribed by sections 835 to 840 inclusive of Kentucky Statutes.

Commissioners were appointed and reported, assessing the damages to the defendant at $1,250.00, describing the land condemned and giving the names of the owners, etc., as required by sections 835-836 of the statutes.

Thereafter the defendant appeared and filed a demurrer to the petition, an answer, a motion to quash the commissioners' report and exceptions thereto. The demurrer and motion to quash were overruled and upon trial of the exceptions before a jury the damages were fixed at $1,500.00. Thereupon the court adjudged that plain-

tiff was entitled to the land sought to be condemned and a writ of possession therefor, upon the payment of the $1,500.00 and costs to the clerk of the court. The defendant prosecuted an appeal to the circuit court, where its demurrer to the petition and motion to quash the report of the commissioners were sustained and the petition dismissed, from which judgment plaintiff has prosecuted this appeal.

The one reason assigned by the circuit court for sustaining the demurrer, quashing the report of the commissioners and dismissing the petition is that the plaintiff was without authority under section 815, *supra,* to condemn for its purposes in any event land in excess of fifty feet in width. That section reads as follows:

"Any person operating a mine or stone quarry within three miles of any navigable stream or railroad, may, for the purpose of transporting material to and from such stream or railroad and such mine or quarry, construct and operate a line of railroad from such mine or quarry, to the most convenient and accessible point on such stream or road, and may, under the general laws, condemn such land as may be necessary, not exceeding fifty feet in width for each track necessarily constructed, and not exceeding two acres at such railroad or stream for the purpose of necessary buildings. The owner or operator of such road shall be, so far as they are applicable, governed and controlled by the laws relating to other railroads, and shall have the same rights and privileges granted to corporations owning and operating lines of railroad."

It is at once obvious from the reading of this section that the prescribed limitation depends upon the number of tracks "that must be necessarily constructed" in constructing "a line of railroad" to enable the plaintiff to transport materials between its mine and the established railroad. There is nothing whatever in the record to indicate how many tracks it will be necessary to construct for such purposes.

The petition alleges that the strip of land which is accurately described by metes and bounds is necessary for the construction of "a line of railroad," to enable plaintiff to transport materials to and from its mine and the established railroad and that it has been unable to contract with the appellee therefor.

While sections 835-836, *supra,* do not in express terms provide that the proceeding must be instituted by a for-

mal petition averring a necessity for taking the land sought to be condemned and that the condemnor has been unable to contract with the owner for same, the existence of these facts is a condition precedent to the right conferred and they are jurisdictional facts which must be alleged by petition or statement as the basis of the proceeding. Tracy v. E. L. & B. S. R. Co., 80 Ky. 259, 3 R. 813; Portland and Greenwood Turnpike Co. v. Bobb, 88 Ky. 226, 10 S. W. 794; Terrell v. Drake, 145 Ky. 13.

It is not necessary for plaintiff to allege anything more than these facts. The defendant may take issue upon any or all of them if he desires to do so, but the question of necessity, when raised is one of law and must be determined by the court. Reed v. Louisville Bridge Co., 8 Bush 69; Tracy v. Railroad, *supra;* C. St. L. & N. O. R. Co. v. Liebel, 27 R. 716, 80 S. W. 549; Warden v. Madisonville H. & E. R. Co., 125 Ky. 644, 101 S W. 914.

The answer of the defendant denied the necessity for taking the strip of land by the plaintiff and this question was, therefore, at issue upon the pleadings, and as plaintiff was not permitted to introduce any proof upon this issue in the circuit court from which alone the fact of necessity could have been determined, it is clear that the circuit court erred in assuming that only one track was needed and in dismissing the petition, etc., unless it knew judicially as a matter of common knowledge that but one track was necessary, and this is certainly not true.

It is contended by counsel for the appellee that the only question that may be tried *de novo* in the circuit court is the question of damages as raised by exceptions to the report of the commissioners, but this is not true, and if it were, the question of necessity in this case would have been foreclosed against appellee by the judgment of the county court which condemned the entire strip of land sought to be condemned as necessary for the purposes stated in the petition, since the question of necessity was not raised by exceptions to the report of the commissioners, but by answer. It is true that sections 835-840, *supra,* do not seem to contemplate that anything but the question of damages will be tried by the circuit court, or in the county court for that matter, as no express provision is found therein for the trial or determination of any other fact than that of damages; but construing these provisions, we have held as has already been pointed out

that the question of necessity is a jurisdictional fact and, therefore, one that must be alleged and proven when denied before the right of private ownership can be made to give way to public use. This being true, it must have been tried and decided by the county court against the defendant upon the evidence introduced in that court, since it was at issue upon the pleadings.

Section 839 provides that either party may appeal to the circuit court from the judgment of the county court by executing bond, as in other cases, and that the appeal shall be tried *de novo*, "upon the confirmation of the report of the commissioners by the county court or the assessment of damages by said court as herein provided." It is true this only provides expressly for a trial *de novo* of the questions raised by exceptions to the commissioners' report, but by requiring the appellant to execute bond as in other cases, it is a necessary inference that the legislature intended that an appeal may be taken to the circuit court from the entire judgment in the county court as in other cases.

Section 840 provides that the appeal may be taken by filing with the clerk of the circuit court a statement of the parties to the appeal and "a transcript of the orders of the county court," and that thereafter the clerk of the county court shall transfer the original papers to the clerk of the circuit court. This does not provide for taking a transcript of the evidence heard in the county court to the circuit court; hence the latter court could not, except by trial *de novo*, try or determine the all important question of necessity, upon which the right of action depends, although it had been decided by the judgment of the county court from which either party is given the right of appeal.

We are quite sure that the legislature did not intend to vest in the county court final jurisdiction to determine whether or not the right to damage another existed, and deny to the one damaged the right to have the judgment reviewed in that important respect while giving to him the right of an appeal as to the extent of his damages.

In Warden v. Madisonville H. & E. R. Co., *supra*, we reversed the judgment and remanded the case to the circuit court for trial of the necessity for taking the land by condemnation under these sections of the statutes, and upon an appeal from the judgment so rendered, affirmed the judgment in 128 Ky. 563, 108 S. W. 880. It

was assumed in these opinions that the whole trial in the circuit court was *de novo,* and this we are sure is what the statutes contemplate.

Upon a return of the case to the circuit court the question of necessity being at issue and upon this question the burden being upon the plaintiff, the parties upon the trial should be permitted to introduce evidence as to whether or not the necessity exists for the condemnation of the strip of land described in the petition and from such proof the court should determine the question.

As the statute limits the right to fifty feet for each track, it will be necessary, of course, for the plaintiff to show that its reasonable necessity is for more than one track, as only by showing that more than one track is reasonably necessary to accomplish the purpose of transporting materials to and from its mine can it, under the statute, take land in excess of fifty feet in width.

Mere engineering difficulties that may be encountered in constructing one or more tracks as may be needed can not enlarge the absolute statutory limitations. Cases construing section 768 of the statutes are not applicable since that section authorizes a railroad company to condemn a strip one hundred or more feet wide and as much more land as may be required to make the one hundred feet or more available for use. There is no such provision in this section and only as much as fifty feet can be taken for each track necessary to be constructed.

By all authorities such statutes must be strictly construed and to attempt to construe this one so as to permit the plaintiff to take more than fifty feet at the most for each track necessarily to be constructed would amount to an amendment rather than a construction of the section.

Appellant also complains of the refusal of the circuit court to permit it to amend its petition to make it more definite and certain, but this was not necessary as the petition sufficiently stated every necessary fact; and besides the amendment offered contained only matters of evidence and so much thereof as referred to engineering difficulties was, as we have seen, incompetent as evidence. The court, therefore, did not err in refusing the offered amendment although a plaintiff in such a proceeding may file such amendments in the circuit court as may be necessary to perfect his pleadings, provided he does not thereby change the original cause of action or set up a waiver or estoppel that may have happened since the trial in the

county court, in avoidance of any defense interposed by the defendant.

Section 134 of the Code allows the court at any time in the furtherance of justice to cause or permit pleadings to be amended, provided the amendment does not change substantially the claim or defense, and this section has been held applicable to *de novo* trials of appeals from the county court to the circuit court. The purpose of this section is to confer upon the trial courts full authority to cause or permit the parties to present and try their whole controversy, and the only limitation upon the discretion of the court in permitting or causing amended pleadings to be filed is that they must be in furtherance of justice and must not change substantially the claim or defense. It is not necessary to cite from the numerous cases so holding since they are collated in the foot notes to the section in the Code. The entire matter of the proposed condemnation of the land as it may exist at the time of the *de novo* trial in the circuit court should be presented and tried, and any amendments that either party may offer upon the return of the case that are pertinent to that issue should be considered in the light of the court's broad discretion under this section, and except for an abuse of that discretion this court cannot and will not interfere.

Wherefore the judgment is reversed and the case remanded to the circuit court for proceedings consistent herewith.