### Moore v. Bentley.

(Decided March 20, 1923.)

### Appeal from Fleming Circuit Court.

1. Eminent Domain—Evidence of More Convenient Way is Admissible Only if Issue is Raised.—In proceedings to establish a passway, under Ky. Stats., section 3779a, evidence that a way could have been constructed by another route at small expense, which would have caused but little damage to defendant's land, would be competent if such an issue was raised by the viewers' report, or by exceptions thereto on the ground that the way sought was not the most practical and convenient; but where no exceptions of that character were filed, so that the plaintiff was not called upon to meet that issue, such evidence was properly excluded.

2. Eminent Domain—Question of Whether Fencing of Passway was Necessary Properly Submitted to Jury.—In proceedings to establish a private passway, the issue of whether the fencing of the passway was necessary was an issue properly submitted to the jury in determining, as an element of damage, the expense of extra fencing caused by the passway.

3. Eminent Domain—Award of $525.00 for Passway 1,925 Feet Long Held Not Excessive—An award of $525.00 to the owner of a farm for the establishment through the farm of a passway 1,925 feet long was not excessive, though the owner's witnesses testified the value of the farm would be decreased from $1,200.00 to $3,000.00 where the plaintiff's witnesses fixed the damage at less than the verdict and the verdict was for a larger sum than was allowed by the commissioners or by the jury in the county court.

J. M. COLLINS and J. P. McCARTNEY for appellant.

BABBITT & MONFORD for appellee.

OPINION OF THE COURT BY JUDGE McCANDLESS—Affirming.

R. E. Bentley owns a small farm without any outlet. For many years he had permissive use of a private passway running over an adjoining tract of 112 acres to the public road. In the year 19— this tract was purchased by Miss Mary Moore and the passway closed.

In a proceeding in the county court under section 3779a, Ky. Statutes, Bentley sought an establishment of a passway along the old route. The commissioners' report conformed to the petition as to the necessity and route of the passway, provided for the location of gates and fixed the compensation of Miss Moore at $100.00.

Exceptions were filed to this and damages claimed in the sum of $2,500.00. In the first trial in the county court the jury disagreed and a second trial resulted in a verdict to establish the passway and fixed Miss Moore's damages at $100.00. Dissatisfied with this she appealed to the circuit court where the jury found for the plaintiff a gated passway and that no further fencing was necessary and fixed Miss Moore's damages at $325.00. From a judgment in conformity with this verdict she has appealed.

It is earnestly insisted that the court erred in not permitting plaintiff to prove that another passway could have been constructed over appellant's land at a small expense and in a way that would have caused comparatively little damage to her land, while the one established is 1,925 feet in length and runs through the heart of her farm. Evidence to this effect was offered, objections sustained and avowals made. This evidence would have been competent if such an issue had been raised by the viewers' report or by the exceptions thereto, which in cases of

this character form the issues to be tried. As said in Hughes v. Shehan, 192 Ky. 623, "We are, therefore, of the opinion that it is not required that the commissioners appointed to view the proposed private passway shall be directed to view other routes; but this does not of course prevent the owner of the land upon trial of exceptions to the commissioners' report to show that the proposed route is not the most practical and convenient way over his land and by such a showing to defeat the establishment of the particular route proposed. In other words, the applicants may apply for a particular route and by such an application limit their right in the proceedings to have that route only established, and in such a case the commissioners should be directed to report with reference to that route alone, or the applicants may, if they desire, apply for a passage over certain lands without describing a particular route, and in such a case the commissioners should be directed, if they find the passway over such lands necessary, to report the one they consider the most practical and feasible. In either event the owners of the land proposed to be taken may object to the route approved upon the ground that it is not the most practical and convenient."

In that case as in this the petition described the route sought to be established and the viewers' report found that route practical and necessary; but in that case the landowners by exception pointed out another route which they claimed to be more practical. When such exceptions are filed it is proper to introduce evidence in support of them. In this case no exceptions of this character were filed, hence appellee was not called upon to meet that issue, and the court properly sustained the objection to the evidence.

It is suggested that the jury had no right to find that no additional fencing was necessary, but they should have allowed damages for the value of fencing the proposed passway, and then appellant be permitted to decide whether or not she would construct it. This is an issue properly submitted to the jury, the element of damage being the expense of *extra* fencing *caused* by the passway, and one which the jury are peculiarly qualified to determine. Finally the appellant urges that the damages were inadequate. It is rather persuasive on this question that the commissioners and three juries have considered it and this verdict is the highest amount that has been fixed by any of them. The

fact that appellant's lands are valuable and high priced and that appellee is only a small landowner does not affect the matter in any way. A number of witnesses have testified that her lands are worth from $125.00 to $150.00 an acre and that the decreased value of her farm by reason of the establishment of this roadway would be from $10.00 to $30.00 an acre or from $1,200.00 to more than $3,000.00. An equal number have fixed it at much less than the verdict of the jury. It is suggested that the latter were influenced by the fact that the old roadway already exists and that but little additional damage would be caused by the establishment of a new one. In this respect the court was careful to restrict the evidence on the question of damage to the difference in value of the land without any roadway and with one established as described. The instructions were also proper and the jury viewed the premises for themselves. While the total length set out in the report fell a little short of its real length we hardly think that this materially affected the verdict, and on the whole case we cannot say that the verdict at first blush strikes one as the result of passion or prejudice.

Judgment affirmed.