## City of Owingsville v. Ulery et al.
### Same v. Crump et al.

(Decided May 24, 1935.)

(As Modified on Denial of Rehearing Nov. 8, 1935.)

W. B. WHITE and G. C. EWING for appellant.

J. A. RICHARDS, M. C. REDWINE and RICHARD PRIEST DIETZMAN for appellees.

OPINION OF THE COURT BY JUDGE STITES—Reversing.

The city of Owingsville instituted these proceedings against the appellees, Ulery and Crump, to condemn a portion of two pieces of property for street purposes. The two cases were tried together in the circuit court, and, by agreement, were heard together here. The same question is presented in each of them.

The commissioners appointed in the county court fixed the damages in each case at $65. Both the city and the appellees filed exceptions, and after a jury trial in the county court, the city appealed to the circuit court. The jury there awarded damages to appellees in the sum of $300 each. No motion for a new trial was made by the city, but before the judgments appealed from were entered it tendered an "amended petition" in each case, withdrawing its application to condemn the property and asking that the proceeding be dismissed at its cost. The lower court refused to permit the filing of the amended petition, although making it a part of the record, and entered personal judgments in favor of appellees and against the city for the amount of damages fixed by the jury.

There is no bill of exceptions, and none of the evidence is in the records.

It is insisted by the city that it had an absolute right to dismiss the proceeding, and a right, even after judgment, to say whether or not it desired to take the property condemned at the price fixed by the jury. Sandy Valley & E. R. Co. v. Bentley, 161 Ky. 555, 171 S. W. 178. The soundness of this proposition is not denied, but appellees counter with the claim that if, pending the final disposition of a condemnation proceeding, the condemnor takes possession of the land, his election to abide by the verdict is exercised, and he cannot thereafter refuse to pay the amount fixed. Long Fork R. Co. v. Sizemore, 184 Ky. 54, 211 S. W. 193.

Appellees further say that we must presume, in the absence of a bill of exceptions, that the evidence adduced at the trial supported the finding that the city had elected to take the property and that we cannot determine, in the absence of evidence, that the judgments are erroneous. Whether or not this would be true if there were anything in the *pleadings* to support a personal judgment against the city it is not necessary for us to decide, for a careful examination of the records before us fails to show anything upon which such a judgment could have been based. A judgment without pleading is no better than a judgment without proof, and though it be conceded that the only question on these appeals is whether or not the pleadings support the judgments (Sherril v. Harlan Theater Co., Inc., 256 Ky. 150, 75 S. W. (2d) 775), we have searched the records in vain to find support for them. Ordinarily, in condemnation proceedings, the only question for a jury to determine is the amount of the damages. Where other issues are involved, we have recognized the propriety of pleadings on those issues. Royal Elkhorn Coal Co. v. Elkhorn Coal Corporation, 194 Ky. 8, 237 S. W. 1083. There was no order paying the damages into court and permitting the condemnor to take possession, as was the case in Long Fork R. Co. v. Sizemore, supra. There is nothing to indicate that anything other than the question of damages was determined by the jury in these cases. There was no material error in the trial. No motion for a new trial was made by appellant. The only error was in the form of the judgment entered by the court upon a proper verdict. Under the pleadings, a personal judgment was erroneous. There is no reason, however, why the parties should be put to the expense of relitigating

the amount of damages when the only error is in the form of the judgment. After a judgment in correct form has been entered, the question of whether or not actual possession of the property of appellees has been taken can be raised upon pleading and proof. The trial court will set aside the judgment from which this appeal is prosecuted and enter a judgment in conformity with this opinion.

The appeals are granted, and the judgments reversed.

Whole court sitting.