## Taylor et al. v. Pike County et al.

(Decided May 24, 1938.)

STEELE & VANOVER for appellants.

G. R. BLACKBURN, County Attorney, for appellees.

OPINION OF THE COURT BY CHIEF JUSTICE STITES—
Reversing.

This is an appeal from a judgment of the Pike Circuit Court dismissing the petition of appellants, Mr. and Mrs. Anthony Taylor, on demurrer. Appellants allege that they are the owners of a tract of land in Pike County traversed by a right of way for a county road. About 1933 the State Highway Commission took over the road and agreed to construct and maintain it if the county would acquire an additional strip 30 feet in width through appellants' property. Condemnation proceedings were commenced by the county, and a trial was held before a jury in the county court, resulting in a verdict for damages in the sum of $1,250. Following the verdict of the jury, the county, being evidently dissatisfied with the amount fixed, moved to set aside the verdict and to dismiss the petition. This the court did.

Following the dismissal of the petition, appellants brought this suit in equity, in which they asked for a mandatory injunction directing the county judge to enter a judgment conforming to the commissioner's report and the verdict of the jury. It is asserted that, pending the condemnation proceedings, Pike County took possession of the 30-foot strip of land through appellants' property and that it constructed and is now maintaining a road over this 30-foot strip.

Plainly, if the county has in fact taken the property as alleged, appellants are entitled to compensation. Indeed, appellees concede this to be true. The only question, therefore, is whether or not appellants have sought the proper remedy to obtain redress. So far as the record before us is concerned, we must of course

accept as true, on demurrer, the allegation that the county has actually expropriated the property.

It is settled that, if, pending the final disposition of a condemnation proceeding, the condemnor takes possession of the land involved, he thereby elects to abide by the verdict, and he cannot thereafter refuse to pay the amount fixed. Long Fork R. Co. v. Sizemore, 184 Ky. 54, 211 S. W. 193; City of Owingsville v. Ulery, 260 Ky. 792, 86 S. W. (2d) 706. Where it appears from the record that there has been an actual taking of the property prior to the termination of the condemnation proceedings, there can be no essential difference between the effect of such proceedings and an ordinary suit for damages resulting from the expropriation of private property. Mercer County v. Ballinger, 238 Ky. 120, 36 S. W. (2d) 856. A personal judgment against the condemnor in such a situation is not improper. City of Owingsville v. Ulery, supra.

Appellants undoubtedly could bring an action for damages and relitigate the question of values. But this question has already been determined in the condemnation proceeding—at least so it appears from the petition. The only inquiry remaining would seem to be whether or not there has been an actual taking. We can see no reason why this question cannot properly be determined by a court of equity without subjecting the parties to the uncertainty, inconvenience and expense of again trying out the amount of damages.

If, in fact, appellants' property has been taken, there can be no doubt of the duty of the county court to enter judgment on the verdict heretofore rendered. Whether the taking alleged has actually occurred is a question of fact, and, as the record now stands, this fact is admitted. We conclude, therefore, that the chancellor improperly sustained the demurrer to the petition.

Judgment reversed.