# Kendall et al. v. Commonwealth.

March 28, 1941.

Davis M. Howerton for appellants.

Hubert Meredith, Attorney General, Jesse K. Lewis, Assistant Attorney General, and Oscar Sammons, County Attorney, for appellee.

OPINION OF THE COURT BY JUDGE TILFORD—Affirming.

The appellant, Dorothy Kendall, wife of her co-appellant, T. W. Kendall, was the owner of a lot which they had graded for building purposes, situated near and east of the corporate limits of the city of Greenup. It had a frontage of 217 feet on U. S. Highway No. 23, and in the reconstruction and changing of the highway it became necessary for the Commonwealth to acquire a portion of the lot for a right of way. Accordingly, con-

demnation proceedings in the method prescribed by Kentucky Statute 4302 were instituted, and the commissioners appointed by the County Court reported an award of $300 as the value of the land taken. Exceptions were filed by appellants, and a jury of the County Court assessed the value of the land taken at $1,700 and the damages to the remaining land at $100. Judgment was entered accordingly, and on appeal by the Commonwealth to the Circuit Court, a jury there impanelled assessed the value of the land taken at $800 and the damages to the remainder of the lot at $200. From the judgment entered on that verdict this appeal is prosecuted.

Two grounds for reversal are urged, namely, that no bona fide effort was made by the Commonwealth before the institution of condemnation proceedings to agree with the owner upon the compensation which should be paid her; and that the verdict of the jury awarded inadequate damages and was overwhelmingly against the weight of the evidence.

Conceding that it was necessary for the authorities to have endeavored to acquire the right of way by contract before instituting condemnation proceedings, the Commonwealth claims that the effort of the County Judge, as shown by his testimony, to acquire the property by purchase from T. W. Kendall satisfied this requirement. This testimony was given in open court in the presence of Mrs. Kendall, and T. W. Kendall had previously testified, when introduced by her as a witness, that they were the owners of the property and that he had the control and care of it. While the record indicates that Mrs. Kendall was the sole owner of the property, her counsel concedes that her husband had full power and authority to contract with respect to it, and, in his reply brief, expressly disclaims any objection to the sufficiency of the offer on the ground that it was made to the husband rather than to the wife. His objection is that the testimony does not show that a bona fide attempt to acquire the property was made, and that the testimony referred to was not introduced before the Commonwealth closed its case. In support of this position, he cites numerous decisions of this Court holding that as jurisdictional requisites it is necessary for the condemnor to allege and show the necessity for the taking, and that a bona fide effort had been made to

acquire the property by purchase prior to the institution of the proceedings.

We have carefully read the testimony referred to and concluded that, though contradicted by the appellants, it was sufficient to warrant the Court in concluding that the particular jurisdictional fact referred to had been established. While the Court made no ruling on the subject, his action, in submitting the case to the jury on the question of the value of the land and the damages to be awarded, necessarily implied the prior establishment of the jurisdictional facts. Appellants' counsel offered no instruction on the issue, and insists that it was a question to be decided by the Court and not by the jury, citing in support of his insistence some of the decisions of this Court holding that the necessity for the taking is a question of law for the Court. Davidson et ux. v. Commonwealth ex rel. State Highway Commission, 249 Ky. 568, 61 S. W. (2d) 34, and authorities therein cited.

The Attorney General contends that by his failure to offer an instruction on the issue and his failure to object to the instructions given, appellnats' counsel waived all objections to the sufficiency of appellee's proof that a bona fide attempt to acquire the property by contract prior to the institution of the condemnation proceedings had been made. We have been cited no authority holding that the issue referred to is for the Court to decide rather than the jury, although this would seem to follow from the fact that the jury's function is apparently confined to the assessment of damages, and we have held in several cases that the other jurisdictional fact necessary to be shown, namely, the necessity for the taking, is to be determined by the Court and not by the jury. Indicating that both jurisdictional requisites were properly determinable by the Court rather than by the jury, we said in the case of Portland & Greenwood Turnpike Road Co. v. Bobb, 88 Ky. 226, 10 S. W. 794, 796, 10 Ky. Law Rep. 796: "They lie at the foundation of the proceeding. Their existence should at least be prima facie shown, to authorize the court to proceed." But, be this as it may, the appellants are in no position to complain. If they deemed the proof offered by the Commonwealth insufficient to establish the requisite good faith attempt to acquire the property by contract and that the question of its sufficiency was

a question of law for the Court, they should have moved the Court to dismiss the proceeding, or, if they believed that the sufficiency of the proof was a question for the jury, they should have tendered an instruction submitting the issue. The fact that the Commonwealth did not introduce its proof showing the attempted acquisition by purchase until after it had closed its case in chief, consisting merely of the introduction of proof showing the necessity for the taking, is likewise unavailing to the appellants, since they failed to move for a peremptory instruction or otherwise object to the procedure employed until after the jury had returned its verdict.

The County Judge testified that the fair market value of the lot in question was not more than $600. Its assessed value for taxation was $180. According to the testimony of T. W. Kendall, this latter amount was what he paid for it. Other witnesses introduced by the parties fixed its value at from $300 to $3,804. The record before us contains no plats or photographs, and the descriptions are insufficient to enable us to determine exactly how much of the lot was taken. However, the appellants assert that they had purchased the lot for the purpose of building a residence upon it and had terraced the front part of it, a distance of 150 feet. Back from the terrace they had leveled a site for the building, and, according to the appellants, the lot was within two or three minutes drive from the town of Greenup and some of the most desirable residences in the County were located near it. It appears that the right of way condemned embraced practically all the graded portion of the lot and that which was not taken was steep and rocky and of no value. But, on the other hand, the Commonwealth claims that the lot was undesirably located on a hillside, and that similarly located property had recently sold for $2 per front foot. Each side contends that the witnesses introduced by the other were not qualified to testify as to values; and in view of the state of the record, it would be presumptious for us to conclude that we were more capable of forming a correct estimate of the value of the property taken and the damages to the remaining tract than the circuit court jurors who heard the witnesses testify, resided in the County, and viewed the land. Davidson et ux. v. Commonwealth ex rel. State Highway Commission, supra.

Judgment affirmed.