# Jefferson County v. Clausen et ux.

May 5, 1944.

Lawrence S. Grauman and Harry F. Malone for appellant.

Robt. E. Hogan for appellees.

OPINION OF THE COURT BY STANLEY, COMMISSIONER—Reversing.

To widen the right-of-way for a short section of a county road, Jefferson County has condemned a strip of land belonging to John E. Clausen and wife. It is 30 feet wide and 769 feet long. The commissioners appraised the property to be of the value of $260. The same sum was awarded by a jury in the County Court for the land taken. The jury finding that the remainder of the property would not be damaged. A trial on appeal in the circuit court resulted in a verdict for $234. The defendants' motion for a new trial was sustained. On another trial the verdict and judgment were for $600 as the value of the land taken and $200 for damage to the remaining property. The County perfected the record of the first trial and moved that the verdict be substituted for the second one. That as well as its motion for a new trial being overruled, the County prosecutes an appeal from the order setting aside the first verdict and from the judgment.

The particular ground upon which the first verdict was set aside was conceded by the court to be technical, but he believed that the law under which the power to take private property for public purposes is exercised

should be fully complied with and that "when the court considers this case as a whole and all the facts and the trial of the case," he was of the "opinion that the ends of justice will better be served by another trial, free from technicalities." We examine the record and the law to determine whether this was error, confining our consideration to the points presented on the appeal and disregarding whatever other ground there may have been which would justify the action of the court.

The proceeding was instituted under KRS 178.120, which authorizes the fiscal court of any county, whenever it deems it to be in the best interest of the county to construct or alter any public road, to condemn land for such purpose in accordance with KRS 416.100 et seq., constituting with modification a part of the general condemnation statutes, if the fiscal court shall be unable to contract with the owner. KRS 416.110 (1) provides that the fiscal court shall adopt a resolution ordering the condemnation, which resolution shall set forth the facts contemplated by KRS 178.120; describing the land, with the name of the owner, and directing the county attorney to institute the proceeding. Subsection 2 of KRS 416.110 provides:

"The county attorney shall file the petition for condemnation in the county court in the name of the county, and shall attach to the petition as an exhibit a certified copy of the resolution of the fiscal court. The resolution shall be prima facie evidence of the public use and necessity for the condemnation. Thereafter the proceedings shall be as provided in KRS 416.020 to 416.080, with the following exceptions."

The exceptions are not material in this case.

The petition filed in the county court alleged that the property "is required by Jefferson County and is necessary for the construction and reconstruction of Mellwood Avenue Extension of a public road in Jefferson County, Kentucky, which is part of the county road system," and that the county had been unable to contract with the owners of the land for its use. It also alleged that in accordance with the statutes (specified), "the Fiscal Court of Jefferson County has adopted a resolution showing the need of said land for use in the reconstruction of Mellwood Extension, and ordered the condemnation of said land and directed the County At-

torney to proceed with the condemnation of said land and a certified copy of said resolution is filed herewith as part hereof, marked 'Exhibit A.' '' No copy of the resolution was in fact filed with the petition.

To sustain the action of the court in setting aside the verdict, it is argued (1) that the adoption of the resolution was jurisdictional, and that as the Fiscal Court can speak only through its records a copy thereof must have been filed, or (2) the failure to file it imposed upon the County the burden of proving the necessity for the taking of the land.

We agree that the adoption of the resolution by the Fiscal Court is a condition precedent to the right of the County to condemn land. But it is alleged in the petition that that had been done and this was not denied. Condemnation proceedings rest solely on constitutional and legislative provisions, and the petition or application must comply with the statute, state all jurisdictional facts and disclose the right to condemn the property. Royal Elkhorn Coal Co. v. Elkhorn Coal Corporation, 194 Ky. 8, 237 S. W. 1083; Kendall v. Commonwealth, 286 Ky. 59, 149 S. W. (2d) 787. But the same strictness of pleading is not required as in an ordinary action, 29 C. J. S., Eminent Domain, sec. 254, p. 1223. Other pleadings, such as demurrers and an answer, are permissible and in some instances necessary (Cf. City of Owingsville v. Ulery, 260 Ky. 792, 86 S. W. (2d) 706, 707), but under our usual practice issues are joined by specific exceptions to the report of the commissioners appointed by the county court to award compensation and damages. KRS 416.050. General principles of pleading may be appropriately resorted to except in so far as a statute might otherwise require. 29 C. J. S., Eminent Domain, sec. 250, p. 1222. As our statute indirectly prescribes the practice of filing exceptions to a report of commissioners in condemnation proceedings, we may look to the construction given similar practices in the treatment of exceptions to reports of master commissioners and other like officers of the court. The purpose of exceptions to such reports is to secure a review by the court. Long v. Howard, 260 Ky. 323, 75 S. W. (2d) 742; Miller v. Title Ins. & Trust Co., 278 Ky. 598, 129 S. W. (2d) 163. It has always been the rule that if a party has an opportunity to object to the findings or except to the report of a commissioner and does not

do so, he is considered to have waived or abandoned such objections and is bound by the report. Patrick v. McClure, 1 Bibb 52, 4 Ky. 52; Larimore v. West, 227 Ky. 306, 12 S. W. (2d) 856. If the exceptions are to only portions of such a report, the party is deemed to have admitted everything not excepted to specifically. Taylor v. Young's Adm'rs, 2 Bush 428, 65 Ky. 428; Town of Highland Park v. Wilson, 186 Ky. 233, 216 S. W. 370; Stuber v. Snyder's Committee, 261 Ky. 338, 87 S. W. (2d) 614. Indeed the statute requires that the report shall be confirmed altogether if there is no exception and partially to the extent that no exceptions have been filed. KRS 416.040. This was enforced in Commonwealth v. Combs, 244 Ky. 204, 50 S. W. (2d) 497. The rule is particularly applicable under conditions like the present. Where the property owner has any objection to the form of procedure or is not willing to accept the findings of the commissioners, he is called upon to speak promptly and to object so that on the trial in the county court the adverse party, that is the condemnor, may not be thrown off guard and may prove its case if it can in the particular respect in which the owner may later claim it failed. Moore v. Bentley, 198 Ky. 346, 248 S. W. 890; Litteral v. Burris' Executor, 230 Ky. 757, 20 S. W. (2d) 752. It will be understood that we are speaking here of pleadings and practice as pertains to procedure and not of the sufficiency of the allegations of jurisdictional facts to show a right to condemn the property. That may appear upon the face of the petition itself.

Returning to the record: The defendants filed no motion to require the plaintiff to file the exhibit as they might have done and should have done under Sec. 120, Civil Code of Practice. Failure to do so until after judgment was too late. White v. City of Williamsburg, 213 Ky. 90, 280 S. W. 486. The exceptions filed to the report of the commissioners were in four specific particulars. Three of them related to the finding and award of compensation and damage. One raised the issue of necessity of taking the land for the construction or reconstruction of the road as contemplated. Therefore, the allegations that the Fiscal Court had adopted the requisite order or resolution stood admitted. That was the essential fact. The filing of a copy with the petition was prima facie evidence of that fact and that there had been a declaration by the Fiscal Court that the land was for a public use and that it was necessary

that it should be condemned—not that it was necessary to have 30 feet or any particular quantity of land. That is the language of the statute, as we have quoted it above.

At the close of the presentation of evidence by the County in the Circuit Court, the defendants moved to dismiss the proceeding, but no ground was stated. It is too late on the appeal to say that the case should have been dismissed because of the failure of the petitioner to file a copy of the resolution of the Fiscal Court, as it alleged it was doing but in fact was not. It does not appear that this was stated as a ground of dismissal.

We are of opinion that the omission to file the exhibit was waived; therefore, that it did not afford a legal ground for setting aside the verdict.

The necessity of taking the land for a public purpose, it has been repeatedly said, is a matter for the court to determine. Davidson v. Commonwealth, 249 Ky. 568, 61 S. W. (2d) 34. But as counties and municipal corporations are agencies and subdivisions of the state, when they declare through their constituted authorities that the taking of private property is necessary for an authorized public use, they exercise a public function and it is assumed that as public agencies they have exercised with wisdom and discretion the power lodged in them by the Legislature. The presumption is, therefore, indulged that the taking of the property is necessary and the burden of showing the contrary is upon the persons who object to the proceeding. Henderson v. City of Lexington, 132 Ky. 390, 111 S. W. 318, 33 Ky. Law Rep. 703, 22 L. R. A., N. S., 20; Davidson v. Commonwealth, supra. While the issue of necessity was raised by the exceptions, the defendants offered no evidence upon it and the presumption of necessity and right prevailed as a matter of law. This was supplemented, we may add, by evidence that the width was the uniform width for such roads.

We are, therefore, of the opinion that it was error to vacate the first verdict and not to have rendered final judgment thereon. It is, of course, not necessary to consider the appeal from the judgment in the second trial.

The judgment is reversed for consistent proceedings.