**AVEY DRILLING MACH. CO. v. LUKOWSKY.**

Court of Appeals of Kentucky.

Oct. 9, 1953.

Warren R. Lowe, Cincinnati, Ohio, James W. Stites, Louisville, for appellant.

Robt. O. Lukowsky, Jr., John E. Shepard, Covington, for appellee.

STANLEY, Commissioner.

This is a suit by Robert O. Lukowsky against the Board of Commissioners of Covington to enjoin the body from passing a proposed ordinance closing an alley. Lukowsky charges that its closing would cause irreparable injury to his abutting business property. It appears that the proposed action of the Commissioners is at the instance of Avey Drilling Machine Company whose factory is located on both sides of the alley. The company and the Chief of Police of Covington are made parties to the suit. The court found that closing the alley would not be for the public benefit but for the sole benefit of the private corporation and would cause the plaintiff irreparable injury; and held that the city was without power to pass the ordinance. A blanket prohibitory injunction was ordered. An appeal is prosecuted by the Machine Company alone, its code-

fendants being made appellees. They have filed no brief.

Under our disposition of the case we do not reach the merits of the issue of the asserted special purpose or reason for passing the proposed ordinance. We are concerned only with the propriety of the remedy invoked and adjudged.

The passage of an ordinance is a legislative act although the subject matter is not always legislation in the sense of being a law. The Board of Commissioners of Covington is vested with "all the legislative, executive and administrative powers of the city, except as otherwise provided". KRS 89.130. Ordering the closing of the alley is a matter of legislative action. The authority is expressly vested in the Board of Commissioners, although the ordinance does not become effective until the city "shall institute an action in the circuit court to have it closed" and thereby ensure compensation to property owners who may suffer direct and special injury. KRS 94.360. This, obviously, is condemnation in character and recognizes the principle that one's property may not be taken or destroyed for public use without compensation. Henderson v. City of Lexington, 132 Ky. 390, 111 S.W. 318, 22 L.R.A.,N.S., 20. The city officials in this case intended to proceed in proper order in accordance with the statute.

A court has no constitutional authority to sit in judgment on proposed legislation when the legislative body is proceeding within the scope of its governmental or corporate power. That obviously properly recognizes the prerogative of the independent branch of government. Ordinarily, no justiciable question may arise until after the enactment or passage of an ordinance or resolution. Then, the legislation having been accomplished, under traditional constitutional law, it may be put to the test of legal validity and the question may be raised whether it would be for a private service or benefit to such degree that the court should determine the action was arbitrary. Its restraining power may

then be directed against its enforcement. Roberts v. City of Louisville, 92 Ky. 95, 17 S.W. 216, 13 L.R.A. 844; Slade v. City of Lexington, Ky., 121 S.W. 621; Morrow v. City of Louisville, Ky., 249 S.W.2d 721; McQuillan, Secs. 16.92, 49.53; Dillon, Sec. 1579; 28 Am.Juris., Injunctions, Secs. 177, 178; 43 C.J.S., Injunctions, § 118; Durrett Hardware & Furniture Co. v. City of Monroe, 199 La. 329, 5 So.2d 911, 140 A.L.R. 433.

In the Slade case it is held that a council may not be enjoined from passing an ordinance defining and granting a franchise. The decision is supported by many cases. The opinion adopts reasons given in New Orleans Waterworks v. City of New Orleans, 164 U.S. 471, 17 S.Ct. 161, 165, 41 L.Ed. 518. In the Supreme Court case a waterworks franchise to one Rivers had been declared void, and afterward the city council proposed to grant similar franchises to persons other than Rivers. In holding that a suit to enjoin the council from doing so could not be maintained, the court, after pointing out that city ordinances if legally enacted have the force of laws passed by the legislature and are to be respected by all, said:

"But the courts will pass the line that separates judicial from legislative authority if by any order, or in any mode, they assume to control the discretion with which municipal assemblies are invested when deliberating upon the adoption or rejection of ordinances proposed for their adoption. The passage of ordinances by such bodies are legislative acts, which a court of equity will not enjoin."

However, so-called exceptions to this rule of noninterference are recognized, although the quality as exceptions may be only apparent rather than real, for the distinction lies in the quality or characteristics of the proposed ordinance or resolution or the anticipated action of the legislative body. Injunctions may be warranted if the action is purely ministerial or will squander. or divert a fund or property held in trust,

as in Roberts v. City of Louisville, supra, 92 Ky. 95, 17 S.W. 216, 13 L.R.A. 844, or if the council has no power at all to act legislatively on the subject, although on this point of ultra vires extraordinary conditions may require a different ruling. Authorities cited above and cases collated in note 140 A.L.R. 446.

█ The closing of a street or alley is a discretionary governmental function as distinguished from being a proprietary or ministerial act. So, this case does not fall within the qualifications or exceptions. The rule of nonjurisdiction to restrain the enactment of an ordinance has been held to apply to alleys. Meredith v. Sayre, 32 N.J.Eq. 557; Note Sec. 16.92, McQuillan; Foster v. Topeka, 112 Kan. 253, 210 P. 341, note 140 A.L.R. 446.

The appellee refers to a statement in Kerr v. City of Louisville, 271 Ky. 335, 111 S.W.2d 1046, op.cit. 1052, that a city council cannot be enjoined from exercising legislative functions until it undertakes to pass an ordinance that would be unconstitutional. Applying the statement conversely, the appellee points out that here the Board of Commissioners was threatening to pass an ordinance that would be void as preferring the convenience of a private corporation over public benefit. We cannot give specific application here to the general, unqualified remark apparently made by the way or in turning aside from the point pending in the case.

In the Henderson case, 132 Ky. 390, 111 S.W. 318, 22 L.R.A.,N.S., 20, it is noted that it is only in an exceptional case that a court will interfere with the power of a municipal legislative body even after it has passed an ordinance to determine the necessity for closing an alley, but recognition is given the principle that the closing of an alley must be for a public rather than a mere private benefit. It was held that the issue could be raised in the proceeding established by statute, now KRS 94.360(2), predicated upon the presumption created by the council's enactment that it was done in the interest of the public. See Baxter v.

City of Louisville, 224 Ky. 604, 6 S.W.2d 1074; Jefferson County v. Clausen, 297 Ky. 414, 180 S.W.2d 297.

True, to consider the merits of the issue tried in this premature suit would avoid multiplicity of action yet it is better to observe orderly procedure, especially where so delicate a matter as the balance between legislative and judicial branches of government is involved.

Judgment is reversed.