## Malone, et al. v. Keith.

(Decided November 25, 1924.)

### Appeal from Mason Circuit Court.

1. Sales—Burden of Establishing Express Warranty Sued on is on Plaintiff.—Burden of establishing express warranty is on plaintiff asserting it.

2. Sales—No Implied Warranty of Soundness in Sale of Hogs.—In sale of hogs by one farmer and dealer to another, held that there was no implied warranty of soundness.

3. Sales—Finding Against Express Warranty of Soundness of Hogs Held Warranted.—Evidence as to whether there was an express warranty of soundness of hogs sold held to support jury finding that there was no warranty.

4. Appeal and Error—Reversal of Judgment Not Warranted, Because Recovery on Trifling Item Wrongfully Denied.—Judgment will not be reversed for failure to award recovery on single item which is so small as to be trifling, and, in action for loss of approximately 100 hogs, failure to find for plaintiff for one hog of unshown value, as to which liability was conceded, did not warrant reversal.

J. M. COLLINS for appellant.

WORTHINGTON, BROWNING & REED for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE SAMPSON—
Affirming.

Averring that they had purchased of appellee Keith seventy (70) hogs at the price of thirteen cents (13c) per pound, on a warranty of sound condition, Malone and Daugherty brought this action in the Mason circuit court against Keith to recover of him $700.00 damages for loss by cholera, a contagious disease, of forty-five (45) of the seventy (70) hogs purchased of him; and a loss of about fifty (50) hogs owned by them and on their farm at the time they purchased the hogs from Keith and which last hogs contracted the disease from the Keith hogs, the damage being fixed at $1,000.00 on this last item, a total of $1,700.00.

Appellee Keith denied that he warranted the hogs to be in sound condition or made any representation or warranty concerning their condition. A trial resulted in a verdict for the defendant, Keith, and Malone and Daugherty appeal.

Appellee Keith was a farmer living in Mason county, so also were Malone and Daugherty. The latter

were traders in hogs and had large farms. Keith also traded more or less in hogs. In passing through Cincinnati he engaged certain live stock traders to buy for him a car load of hogs and have them shipped to Maysville. In due course the hogs arrived at Maysville. They had been shipped from Stanford, Kentucky. There were supposed to be 170 hogs in the car, but having been on the road for about four days, seven hogs were missing. Keith unloaded the hogs into a stock pen in Maysville. About the time he did so a neighbor came along and learning that Keith desired to sell seventy (70) of the one hundred and seventy (170) hogs, he informed Keith that Malone desired to purchase hogs and carried word to Malone that he could buy hogs from Keith at the stock pen. Malone and Daugherty went to see the hogs at the pen and entered into negotiations with Keith to purchase seventy of them. The price was to be thirteen cents (13c) per pound, and Malone and Daugherty were to have the privilege of selecting the seventy which they were to take.

Up to this point there is no diversity in the evidence, but there is a sharp conflict as to what took place between the parties at the time of the trade concerning warranty as to sound condition of the hogs.

It must be borne in mind that this suit is one upon an express warranty. The burden was upon appellants to establish by the weight of evidence the fact that appellee Keith had warranted the hogs to be sound. There is no implied warranty of soundness in a sale of live stock such as the one under consideration. 24 R. C. L. 202.

Appellants Malone and Daugherty testified in substance that Keith said the hogs were sound and warranted them to be free from disease. Keith denies this and says he did not warrant the hogs to be sound; that he did not know their condition; that he had never seen the hogs before that day and did not know where they were bred and reared nor what conditions had surrounded them. He admitted, however, that as to one hog that appeared to be sick at the time it was turned out of the pen at the depot, he warranted that it would live by saying to Malone that if that particular hog died he would replace it or make the loss good. Malone and Daugherty testified in substance the same concerning the statement as to that one hog, but they also said that he warranted the whole herd against disease. They fur-

ther testified that on the day after they had bought and paid for the hogs the sick hog, which had been specifically warranted, as all parties agreed, died, and that soon thereafter many other hogs purchased from Keith took sick and began to die at the rate of five or six per day until 45 of the 70 hogs were gone. They further testified that they had on their farm a large number of hogs that were in sound condition until the diseased hogs which they had purchased from Keith were brought to the farm, and that thereafter the sound hogs became infected with the same disease which caused the death of the hogs purchased from Keith and appellants thereby lost about fifty hogs, damaging them in the total sum of about $1,700.00.

As the evidence was in conflict as to whether there was a warranty of the soundness of the hogs the jury was within its province when it found the fact to be that there was no warranty given by Keith to Malone and Daugherty on any of the hogs except the one to which we have referred.

It is insisted, however, by appellants that the jury acted under the influence of passion and prejudice in rendering its verdict; that the evidence does not support the verdict and that it is contrary to the evidence. This last assertion is based largely upon the fact that the jury found nothing for the plaintiffs for the hog which was specifically warranted as shown by all of the evidence, and which hog died the next day after it was delivered by Keith to the appellants. This, of course, was error, but inasmuch as no proof as to the size, weight or value of this particular hog was given, the jury was unable to determine its value. Indeed, it may have been a very small hog and therefore of very little value. Moreover, the evidence shows that the appellee Keith lost nearly all of his 100 hogs which he obtained from the shipment by the same disease which killed the hogs sold to appellants. It also appears he lost other hogs which were on his place when he received the shipment. At any rate, appellants offered no instruction to the court presenting their present theory that at all events they were entitled to recover for the one hog which appellant Keith admits he warranted to be sound.

If such an instruction had been offered appellants would be in much better position to insist upon a reversal of the judgment. The whole amount in contro-

versy is $1,700.00. The value of the one hog would be but a slight sum in comparison with the sum sued for. We have frequently ruled that a judgment will not be reversed for failure to award to appellant the value of a single item where it is so small as to come within the rule expressed by the Latin maxim, *"de minimis non curat lex."* Anderson v. Samuels, 14 R. 48; Monhollan v. Troutman, 10 R. 263; White v. Blazer, 106 S. W. 289; Slav v. American Adams Express Company, 102 S. W. 200.

In the absence of evidence showing the value of the sick hog which was specifically warranted by Keith the court declines to reverse the judgment, even though error was committed against appellants, the amount in controversy as to the item being infinitesimal.

Judgment affirmed.