## Kappa v. Elizabeth Brewer.
## Kappa v. Clemp Brewer.

(Decided January 30, 1925.)

### Appeals from Franklin Circuit Court.

1. Highways—Whether Accident was Caused by Plaintiff Turning his Car Into Defendant's or Whether Defendant in Passing Cut too Short Held for Jury.—In action for injuries sustained by plaintiffs in automobile accident, when defendant attempted to pass them on highway, whether plaintiff turned his car into defendant's, or whether defendant in passing cut too shortly in front of plaintiffs', and so caught plaintiffs' hub cap, held for jury.

2. Highways—Defendant not Entitled to Peremptory Instruction, where Evidence in Sharp Dispute, Because of Plaintiff's Inexperience in Driving Car.—In action for injuries sustained by plaintiffs in automobile accident, when defendant attempted to pass them on the highway, defendant was not entitled to a peremptory instruction because of inexperience of plaintiff who was driving, where evidence as to whether or not his inexperience helped to cause accident was in sharp dispute.

3. Trial—Unless Requested, Unnecessary to Instruct that Plaintiff could Not Recover if He was Contributorily Negligent.—In action for injuries sustained by plaintiffs in auto accident, in absence of request, it was unnecessary to instruct that there could be no recovery, even if defendant was negligent, if inexperience of plaintiff who was driving helped cause the accident.

4. Appeal and Error—Defendant Estopped to Complain, where Instruction Given in Exact Language Offered Him.—In action for injuries sustained in auto accident, defendant was estopped to complain that instruction stating that, if accident was caused in any way by plaintiff's inexperience, his wife could not recover did not also state that she could not recover, even if defendant was also found negligent, where instruction was given in exact language, as offered by defendant.

5. Highways—Instruction Permitting Recovery, if Defendant Failed to Operate Car at Reasonable Rate of Speed, Held Not Erroneous.—In action for injuries sustained in auto accident, instruction permitting recovery for plaintiffs, if defendant negligently failed to operate his car at a reasonable rate of speed, was not erroneous, though evidence showed that defendant drove at a speed of far

less than 30 miles an hour; Ky. Stats., section 2739g-51, providing only that speed at all times shall be reasonable, and that speed in excess of 30 miles an hour under certain conditions shall throw burden of showing its reasonableness on driver of machine.

6. Appeal and Error—Instruction Stating Erroneous Measure of Damages Held Not Prejudicial.—In action for injuries in auto accident, instruction that plaintiff was entitled to such damages "between the fair market value of his automobile immediately after said injury not to exceed $300.00," though technically incorrect and incomplete, was not reversible error, where jury awarded plaintiff $249.00 for repair of his car and hospital bill of his wife, which alone amounted to $164,50, although fair vendible value of car was depreciated by accident far in excess of repair bills.

7. Damages—Measure of Damages for Injuries to Automobile Stated. —Correct measure of damages for injuries to an automobile is difference between fair market value immediately before and immediately after injury.

8. Appeal and Error—Judgment Not Reversed by Trifling Error.— Court will not reverse for trifling error.

O'REAR, FOWLER & WALLACE and B. G. WILLIAMS for appellant.

BECKHAM, POLSGROVE & HAMILTON and POLK SOUTH, JR., for appellees.

OPINION OF THE COURT BY JUDGE DIETZMAN—Affirming.

The two cases above were tried together in the lower court; have been brought here on the same record, and will be disposed of by one opinion.

On Sunday, May 14, 1922, the appellee, Clemp Brewer, and his family, including his wife, the appellee, Elizabeth Brewer, and also one Joe Flood, left Louisville to visit some relatives in Franklin county. They were driving a Ford automobile belonging to Clemp Brewer and Flood was acting as the chauffeur. Just after passing Shelbyville Mr. Brewer, who had never driven a Ford before and who was very ignorant of its mechanism and even of its means of control, decided that he would learn how to drive the car. He thereupon took the wheel under the supervision and coaching of Flood, who sat beside him. Appellees' testimony seems to admit that the course of the machine at first was somewhat wobbly, but shows that after a time, Mr. Brewer mastered the art of holding the Ford true to its course and ceased to weave back and forth across the road. Ap-

pellant claims, however, that the machine continued to wobble up to the moment of the collision hereinafter set out. Appellant, driving a Durant car, caught up with appellees a few miles west of Bridgeport, a village in Franklin county. It seems to be admitted that appellees were not going over ten miles an hour and appellant was anxious to pass them. After trailing them for a mile or so, appellant says that in response to a signal from his horn, appellees drew over to the right-hand side of the road. The latter's witnesses, however, state that they did not hear any signal and the first they knew of appellant's proximity was when he tried to pass them. It seems to be conceded in the evidence that, when appellant did try to pass appellees, they were as far to the right-hand side of the road as they could safely get, and it is admitted that there was ample room on this road at this point for two machines and possibly even three to pass each other safely. Appellant started to pass appellees just before the two machines reached a fill and culvert. As he passed, appellant's rear right fender caught the Ford's left front hub cap. Mr. L. E. Kappa so testifies, and the circumstances in this case abundantly corroborate him. As a result of this collision, the wheels of the Ford were jerked to the right, and it ran into the grass, fill and culvert and turned over. The appellee, Elizabeth Brewer, received a broken collar bone and other very severe injuries, the extent of which is not seriously questioned in this record. Mr. Brewer received some minor injuries for which he was not compensated by the jury, and his automobile had three wheels broken, the wind shield smashed, the top broken and the radiator bent. It was appellant's theory, and he introduced evidence to substantiate it, that as he passed appellees he was as far to the left-hand side of the road as he could safely get; that appellees turned towards him at an angle of about 45 degrees and so wobbled into the Durant car, but for which the accident would not have happened. It was the appellees' theory that the appellant in passing turned back towards the center of the road, cut too shortly in front of appellees and so caught the hub cap. There was substantial evidence to support both theories and hence the court did not err in submitting the case to the jury, which found a verdict for Elizabeth Brewer in the sum of $2,500.00, and for appellee, C. B. Brewer, in the sum of $249.00, to cover, as the jury said, the hospital bills he had to pay for his wife and repairs on his automobile.

Appellant has filed a brief the main portion of which is devoted to the proposition that appellee, Elizabeth Brewer, assumed the risk of her husband's inexperience in driving a Ford, and that therefore she cannot recover in this accident, and that the appellee, C. B. Brewer, likewise cannot recover because of his inexperience. The appellant presented this idea in instructions Y and Z, and the court gave them to the jury exactly as presented. This was all appellant was entitled to, even if his theory of the law be correct. He plainly was not entitled to a peremptory instruction because the evidence as to whether or not Mr. Brewer's inexperience helped in any manner to cause the accident was in sharp dispute.

The appellant next attacks the instructions of the court. On the question of whether or not the accident was due to any negligence on appellant's part, instruction No. 1 admirably submitted the law of the case. Appellant's criticism of this instruction is that it fails to tell the jury that, even if appellant was negligent, there still could be no recovery if Mr. Brewer helped to cause the accident by reason of his inexperience or negligence. It was not necessary for this instruction to so state. If appellant wished an instruction bearing on the effect of any contributory negligence on Mr. Brewer's part, he should have requested it. In Ohio Valley Electric Ry. Co. v. Webb, 202 Ky. 341, 259 S. W. 697, this court said: "Under our practice, . . . . it is not the duty of the court on its own motion to give all the law of the case in a civil action, or to instruct on every issue pleaded and proved. All that is required is that the instructions shall be correct as far as they go. If additional instructions are desired, they should be requested." See also Otis Hidden Co. v. Newhouse, 204 Ky. 324, 264 S. W. 731; Hodgkin v. L. & N. R. R. Co., 204 Ky. 339, 264 S. W. 760.

Appellant, aware of this rule of practice, did present in Mr. Brewer's case an instruction embodying this idea. In Mrs. Brewer's case, he also presented an instruction which was given as offered, and which told the jury that if the accident was caused in any way by Mr. Brewer's inexperience or negligence, Mrs. Brewer could not recover. This instruction, however, did not say that Mrs. Brewer could not so recover even if appellant was found negligent under instruction No. 1, and appellant urges that the jury had no guide to help them decide what to do if both Mr. Brewer and the appellant were negligent. However, appellant is in no position to complain of this

error, if it be error. The instruction was given in the exact language as offered by him and he is now estopped to complain of it. Stowers v. Singer, 113 Ky. 584, 68 S. W. 637; First National Bank v. Germania Safety Vault & Trust Co., 112 Ky. 734, 66 S. W. 716; Schweikert v. Richards, 144 Ky. 304, 137 S. W. 1074; Hobson, Blain and Caldwell Instructions to Juries, section 50. Appellant further criticizes instruction No. 1 because the court therein allowed the jury to find for appellees if appellant negligently failed in the discharge of any of the duties set out, among which was the one to operate his car at a reasonable rate of speed while passing Brewer's car, considering the location and character of the highway. Appellant seems to have the idea that this question should not have been submitted because the evidence shows that appellant passed appellees at far less than thirty miles an hour; that section 2739g-51, Kentucky Statutes, provides that a rate of speed of a passenger automobile on a highway outside the closely built up portions of the city which exceeds thirty miles an hour shall be deemed to be *prima facie* evidence of negligence, and so a less rate of speed is not negligence. The fallacy in this reasoning is apparent. The statute does not give *carte blanche* to any rate of speed. The rule laid down by it is that the speed shall at all times be reasonable and proper, having regard for the traffic in use of the highway, whatever speed that may be, but that a speed in excess of thirty miles an hour under the conditions named shall throw the burden of showing its reasonableness on the driver of the machine. The case of Standard Oil Co. of Kentucky v. Thompson, 189 Ky. 830, 226 S. W. 368, cited by appellant, is not in conflict with these views. The instruction there condemned stated that it was the duty of the truck driver to run his truck at a reasonable rate of speed and to have it under reasonable control. The case was reversed on another ground, but the criticism of that instruction was bottomed on the fact that there was no issue in the case on that point. In the case at bar there was a serious issue as to whether or not appellant when he passed appellees' car was going at a rate of speed which was reasonable under the circumstances.

Lastly, appellant points out that in defining the measure of damages so far as Mr. Brewer's Ford was concerned, the court said: "Such sum in damages as they may believe from the evidence between the fair market

value of his automobile immediately after said injury not to exceed the sum of $300.00." It is obvious that there was some omission here, because the correct measure of damages is the difference between the fair market value immediately before and immediately after said injury. The jury's verdict which gave appellee, Clemp Brewer, the sum of $249.00 reads: "We the jury find for the plaintiff in the sum of $249.00 for repair of car and hospital bill in Frankfort and in Louisville."

The evidence shows without any dispute that the hospital bills in Frankfort and Louisville amounted to $164.50. The repair bills of the car bring this amount up to $249.00. There was evidence tending to show that the fair vendible value of the car was depreciated by this accident far in excess of the repair bills, and although the instruction was technically incorrect, yet for this small amount of repair bills the court will not reverse this judgment. See Malone v. Keith, 205 Ky. 711, 266 S. W. 381.

The judgment in each case is affirmed.