## Nussbaum v. Standard By-Products Company.

(Decided October 15, 1926.)

Appeal from Jefferson Circuit Court
(Common Pleas, Third Division).

1. Appeal and Error—In action. for Conversion, Admission of Evi-
dence of Cost of Article Held Not Prejudicial Error, where Evi-
dence Showed that Purchase Price was Fair Market Value at
Time of Conversion.—In action for conversion, plaintiff was per-
mitted to testify what purchase price of articles was in 1920. He
also testified that market value of such things had not materially
changed since purchase, and that at fair sale they would have
sold for that price on open market at time of conversion. Held,
that admission of evidence of purchase price was not prejudicial
error.
2. Trover and Conversion.—Owenrship of conveyors, elevators, and
scales converted held for jury.
3. Trover and Conversion—Value of Conveyors, Elevators, and
Scales Converted Held for Jury.—In action for conversion, where
plaintiff testified as to cost of conveyors, elevators, and scales
and that at fair sale they would have sold for that much on
open market, value of property converted held for jury.
4. Appeal and Error.—That verdict was for a few dollars more than
evidence of value of scales authorized did not justify reversal,
in action for conversion.

JOSEPH SOLINGER for appellant.

BURNETT, BATSON & CARY for appellee.

OPINION OF THE COURT BY TURNER, COMMISSIONER—
Affirming.

Appellee, a corporation, was engaged in the manu-
facture of by-products of cattle, and in such business used
conveyors, elevators and scales.

In 1920 it bought and had shipped to it a new eleva-
tor and conveyor at the purchase price of $1,464.00.
Upon the delivery in November, 1920, of this property it
had no immediate use for them because of a recent fire
in its manufacturing plant, and the conveyor and eleva-
tor together with two scales used in its business were
stored by it at its plant in an open shed warehouse which
was covered over.  At the time of the storing neither the
conveyor nor the elevator had ever been unpacked, or
even assembled, and were stored away in the original
packages in which they had been shipped.  The two
scales were also stored at the same place.

Thereafter appellee leased to some parties engaged in soap manufacturing a part of its plant, and those persons installed certain machinery and other things in this warehouse for the purpose of soap manufacturing; but appellee reserved the right to let its conveyor, elevator and scales remain there in storage.

After a time the soap manufacturing business be-came unprofitable, and in 1922 its effects so used in the manufacture were sold to appellant, and in removing the property so bought by him from the soap manufacturers he likewise took and converted to his own use the elevator, conveyor and the two scales, although the evidence tends to show that he had notice that such property did not belong to the soap manufacturers.

This is an action by appellee to recover from appellant the value of the property so converted by him to his own use, and on a trial appellee was given a verdict and judgment against him for $1,600.00, the amount claimed.

The grounds for reversal are: (1) That what appellee paid for the elevator and conveyor in 1920 was not competent evidence of its value when converted in 1922; (2) that as there was no competent evidence of the value of the converted property the evidence does not sustain the verdict, (3) that appellant was entitled to a directed verdict, (a) because of the failure of appellee to show ownership of the property and (b) because of the failure of competent evidence of value at the time of conversion, and (4) because the verdict is excessive.

On the first question one of appellee's officials was permitted to state that the conveyor and elevator were purchased in 1920 for $1,464.00; that they had never been used or unpacked at the time of conversion, and in response to a question as to their market value at the time of conversion said the market value of such things had not materially changed since their purchase. Without going further, therefore, into the question it is obvious that this was evidence of its market value when converted, for the witness in substance says that the market value at the time of conversion was equivalent to its purchase price when bought, and in answer to a question from the court stated that at a fair sale it would have sold for that much on the open market.

While evidence of what one has paid for an article in the past is not competent evidence of its value thereafter when converted by another, the evidence in this

record in substance is that the purchase price in 1920 was the fair market value in 1922 when the property was converted; and therefore the admission of the evidence of the purchase price was not prejudicial.

This disposes of the first two grounds for reversal, but appellant insists he was entitled to a directed verdict because of the alleged failure to prove the ownership of the property.

That the property was purchased by appellee is shown; that it was shipped to appellee is shown, and that it remained in appellee's possession until wrongfully converted by appellant is shown, and many other undisputed facts tending to show its ownership.

Nor was appellant entitled to a directed verdict because of the alleged insufficiency of evidence as to the value of the converted property as above indicated.

On the fourth question it does appear that the verdict is for a few dollars more than the evidence of value of the scales authorizes, but the excess of the verdict over the proven value of the scales is so trifling as it will not justify a reversal of this judgment. Malone v. Keith, 205 Ky. 711; Kappa v. Brewer, 207 Ky. 61.

There was no merit in appellant's defense and no ground for reversal appears.

Judgment affirmed.