COMMONWEALTH of Kentucky, Department of Highways, Appellants,

v.

Nellie MAYO, Widow et al., Appellees.

Court of Appeals of Kentucky.

May 22, 1959.

Edward A. Marye, Jr., Asst. Atty. Gen., for appellants.

W. A. Johnson, J. K. Wells, Paintsville, for appellees.

CLAY, Commissioner.

This is an appeal by the Commonwealth from part of a judgment entered in the circuit court in a highway condemnation case. It is contended the judgment improperly allowed the landowners $3,290 for new fencing which would be required along the right-of-way. The problem is a procedural one.

Under the provisions of KRS 177.081 to 177.089, the Department of Highways filed suit in the Johnson County Court to condemn approximately 17 acres of right-of-way through the property of appellees. Commissioners were appointed, and filed a report awarding appellees $8,500 for land taken and $3,290 as "direct" damage for "new fence necessary". Judgment was entered on this award.

Under the provisions of KRS 177.087 appellees appealed to the circuit court, filing a "Statement of appeal and exceptions" wherein they listed as grounds of appeal (1) the fair and reasonable market value of the land taken was at least $50,000 and (2) incidental damage, for which the commissioners had allowed nothing, was at least $10,000. No mention was made of the item of fencing. After a trial, the circuit court jury returned a verdict of "$18,-000 for the land taken, $2,000 for damages". In the judgment the circuit court added to this award the item of $3,290.

It is the Commonwealth's contention that since the trial in the circuit court was de novo on the question of damages, the former award of the commissioners was vacated in toto, and the award of the jury included all damages to which the landowners were entitled. The landowners' position, accepted by the circuit court, was that the trial de novo was limited to items of damage put in issue by the appeal, and the award of the commissioners with respect to uncontested items was properly included in the judgment.

KRS 177.086(3) provides as follows:

"Any appeal from such judgment (of the county court) by either party or

both parties shall be confined solely to exceptions to the amount of compensation awarded by the commissioners."

KRS 177.087(1) establishes the procedure on appeal from the county court to the circuit court. It refers to "exceptions" to the award made by the commissioners and also refers to "grounds of appeal". It then provides:

"The appeal shall be tried de novo, *but shall be limited to the questions which are raised in the original exceptions or statement of the grounds of appeal, or as amended"*. (Our emphasis.)

This section of the statutes is somewhat ambiguous since the procedural scheme does not require "exceptions" to the commissioners' report, as was the former practice under many of our condemnation statutes. The Commonwealth argues that the word refers to a pleading that the landowner may file, putting in issue the right to condemn. The contention seems to be that there are only two issues under this condemnation procedure, which are: (1) right to condemn, and (2) just compensation. It is said that if either party appeals on the issue of just compensation, since there is to be a trial de novo, all phases of that issue are to be determined by the jury in the circuit court and the commissioners' award is no longer effective for any purpose.

We cannot so construe the statute. Its clearly expressed purpose is to *limit* the issues on appeal. This may be accomplished either by means of "exceptions" or "grounds of appeal". They perform the same function.

If the fencing issue was to be tried, it must have been raised by one of the parties to the appeal in the manner provided. Not having been so raised, the matter was not in dispute, and the commissioners' award with respect to this item, confirmed by the county court judgment, continued to be effective and binding on the parties. See Bullitt v. Commonwealth, Ky., 298 S. W.2d 290.

The Commonwealth contends that even though the item of fencing was not raised by "exceptions" or "grounds for appeal", it was considered by the jury in making its award. The landowners offered no evidence on this point. The Commonwealth questioned two of its witnesses concerning the fencing costs, but they were not qualified on this subject, and their testimony did not create an issue. Instructions to the jury made no reference to fencing, and we cannot find that the item was included in the verdict.

The judgment is affirmed.