**COMMONWEALTH of Kentucky, DEPART-MENT OF HIGHWAYS, Appellant,**

v.

**Archer O. SMITH et al., Appellees.**

Court of Appeals of Kentucky.

June 22, 1962.

John B. Breckinridge, Atty. Gen., H. D. Reed, Jr., Asst. Atty. Gen., Lawrence L. Pedley, Dept. of Highways, Frankfort, for appellant.

Lovett, Lovett & Lovett, John C. Lovett, Benton, for appellees.

WILLIAMS, Judge.

The appellees, Archer O. Smith and Charlene Smith, owned a 1.71-acre tract of land approximately one mile north of Calvert City. The property was improved with a restaurant building, a metal shed used as a plumbing shop, and a small two-story apartment building. It was the nearest commercial enterprise adjacent to a large industrial area. The appellant, Commonwealth of Kentucky, Department of Highways, under the power of eminent domain, acquired a 120-foot strip running diagonally across the rear of appellees' property and comprising about .44 acres. The location of the buildings on the property was not affected by the taking, but the sewerage system (septic tank and drainage field) was taken in its entirety. Trial of the condemnation proceedings was had in the Marshall Circuit Court and a jury awarded the landowners $3,000 for the land taken plus $17,000 for resulting damage.

The Commonwealth demands a reversal on its appeal and the landowners demand a reversal on their cross-appeal. We are reversing the judgment and remanding the case to the Marshall Circuit Court for a new trial.

On a new trial it will be proper to show the adaptability of the property for business purposes, as well as its location, as elements to be considered in determining its value before the taking. Cranley v. Boyd County, 266 Ky. 569, 99 S.W. 2d 737; Commonwealth v. Gilbert, Ky., 253 S.W.2d 264, 39 A.L.R.2d 205. But damage to the business on the land is not a proper element to be considered. A business is too intangible in nature, depends too much on the good will and skill of the operator, to be considered as an element in fixing value. Nichols on Eminent Domain, vol. 4, section 13:3, says:

" * * * It is well settled that when land occupied for business purposes is taken by eminent domain, the owner or occupant is not entitled to recover compensation for the destruction of his business or the injury thereto by its necessary removal from its established location. Furthermore, as the business is something entirely distinct from the market value of the land upon which it is conducted, it is not considered in determining the value of such land except so far as it illustrates one of the uses to which the land taken may be put. * * * "

Also, on a new trial, evidence of gross income should be excluded. We said in City of Newport Municipal Housing Commission v. Turner Advertising, Inc., Ky., 334 S.W.2d 767, that injury to business or loss of profits is not a proper element of compensation in condemnation proceedings. Gross income, of course, does not necessarily prove a reliable measure of profits. For example, we approved the introduction of evidence of gross production of farm land in Kentucky Water Service Co. v. Bird, Ky., 239 S.W.2d 66, and under the unusual circumstances pertaining we approved a different test in Richmond & L. Turnpike Road Co. v. Madison County Fiscal Court, 114 Ky. 351, 70 S.W. 1044, (the taking of a turnpike). But, where income is derived mainly from the skill of the operator rather than from the productivity of the property, any testimony pertaining to that income should be excluded.

Finally, offers of settlement made by either party should be excluded. We find no further reversible errors to have been committed.

The judgment is reversed on the direct appeal and on the cross-appeal, and the cause is remanded for a new trial.