**Sam DAVIS et al., Appellants,**

**v.**

**COMMONWEALTH of Kentucky, DEPARTMENT OF HIGHWAYS, Appellee.**

Court of Appeals of Kentucky.

Oct. 18, 1963.

As Modified on Denial of Rehearing

Feb. 14, 1964.

It was 81 feet deep on the north and 8 feet deep on the south. On the land was a structure used as a grocery store, a one story frame residence of four rooms and other small functional buildings. The Commonwealth appropriated about two-fifths of one acre after which there remained of the land about one-tenth of an acre which was of little value for any purpose. Upon institution of the proceeding in the county court, three commissioners were appointed under KRS 177.083, whose report as to the property value and damages was in part as follows:

| | |
|---|---:|
| Residence | $ 6000.00 |
| Store Building | 5000.00 |
| Smoke House | 600.00 |
| Five Rod Fence | 25.00 |
| Damages to Remaining property (if any) | |
| Damage | 7000.00 |
| Total of Property taken and Damages | $18,625.00 |

The land owners filed no answer in the proceeding and the county court, under KRS 177.086, entered a judgment which fulfilled the requirements of that section. Let us note here that subsection (3) of the section reads: "Any appeal from such judgment by either party or both parties shall be confined solely to exceptions to the amount of compensation awarded by the commissioners."

The Commonwealth filed in the circuit court a statement of appeal and an exception to the amount of the commissioners' award. The land owners filed no cross-appeal or exceptions.

On the first trial the jury awarded the property owners the sum of $16,000. The jury failed to sign the verdict; it was set aside and a new trial granted.

Evidently during the first trial for the first time it was discovered that the commissioners in the county court had failed to assess a specific value for the land taken. The land owners filed a motion to require

M. D. Harris, Somerset, for appellant.

John B. Breckinridge, Atty. Gen., William A. Lamkin, Jr., Asst. Atty. Gen., Frankfort, Phillip K. Wicker, Somerset, for appellee.

MOREMEN, Judge.

This is a condemnation suit instituted by appellee, Commonwealth of Kentucky, to take land belonging to appellants, Sam and Sue Davis. Appellants urge that the trial court erred in arbitrarily making an assessment of the value of the land and limiting the amount of appellants' recovery.

The nature of this case requires a rather complete statement of facts. Appellants owned a triangular piece of property of about one-half acre on the west side of U. S. Highway 27 near Tatesville. It had a frontage on U. S. 27 of approximately 450 feet.

the county commissioners to re-assess the damage and the value of the land taken. The court overruled that motion and entered the following order:

"This cause came on for hearing on Defendants Motion to set aside swearing of jury and proceedings herein, and transfer same back to County Courts appraisers, and it appearing to the court that no exceptions were filed by Defendants in Pulaski County Court, and that Defendant accepted same and appropriated for themselves $18,625.00 the award of the viewers, and that the appraisement showing buildings taken and the amount awarded means buildings and land and Defendant here waived all objections, the motion is overruled."

On the same day the following order was also entered:

"It appearing to the Court that the appraisement of Pulaski Co. Court Commissioners is as follows:

| | |
|---|---|
| Residence | $ 6000.00 |
| Store Building | 5000.00 |
| Smoke House | 600.00 |

"It appearing to the Court that no appraisement of the land taken was made, and that the appraisement of $6000.00 for residence taken and $5000.00 for store room taken, means the land taken with them and that smoke house was on land not taken it is ordered by the court that the sum of $11,000.00 is now fixed as appraisement of the land taken for the purposes of the State Highway Department."

At the second trial the estimates as to value offered on behalf of the Commonwealth ranged from $6,756.75 to $7,154.00. The estimates given by witnesses on behalf of the land owners ranged from $19,500.00 to $21,235.00. The land owners offered a general instruction which was refused by the court and the court gave one that limited recovery to the land owners in the sum of not more than $11,000.00 for the land taken and damages to the remainder of the tract not to exceed $500.00, the amount claimed by the land owners in the evidence. The jury returned a verdict awarding $9,750.00 for the property and $250.00 for damages.

KRS 177.087 reads in part: "The appeal shall be tried de novo, but shall be limited to the questions which are raised in the original exceptions or statement of the grounds of appeal, or as amended."

As pointed out earlier in this opinion, subsection (3) of KRS 177.086 confines both parties on appeal "solely to exceptions to the amount of compensation awarded by the commissioners."

The Commonwealth's exception was: "The Commonwealth of Kentucky, Department of Highways, excepts to the award of the commissioners for land taken and damages to the remainder on the ground that the award is excessive."

The sole issue before the court was whether the amount awarded was excessive for the property taken. No one had by exceptions raised a question as to the form of the commissioners' report, or questioned whether the commissioners had failed to evaluate the land separately. The parcel of land taken was particularly described in the report, and the total value of the property and damages was assessed. In Commonwealth v. Mayo, Ky., 324 S.W.2d 802, we construed the express purpose of KRS 177.087 was to *limit* the issues to be tried.

The object of the appeal to the circuit court, as expressed by the exception filed, was to test the question of the value of the property taken—not to construe the meaning of the commissioners' report. The question of ambiguity or vagueness of the report was not raised if, in fact, it could have been raised under the statute. In any event, it was not within the province of the circuit court to interpret the unchallenged items of "residence" and "house" to include all of the land taken and limit recovery to those

items, plus damages to the remaining strip of land.

Upon a retrial of the case the court will instruct the jury pursuant to the principles announced in Commonwealth, Department of Highways v. Sherrod, Ky., 367 S.W.2d 844, but will omit reference to any permissible maximum recovery. The trial court shall not, however, enter any judgment in excess of the aggregate amount allowed by the county court commissioners.

The judgment is reversed for proceedings consistent with this opinion.

MONTGOMERY, Judge (dissenting).

I respectfully dissent from the majority opinion because I do not feel that the appellants showed that they were prejudiced in any way by the ruling of the trial judge on the commissioners' report.

CR 61.01 provides:

"No error in either the admission or the exclusion of evidence and no error or defect in any ruling or order or in anything done or omitted by the court or by any of the parties is ground for granting a new trial or for setting aside a verdict or for vacating, modifying, or otherwise disturbing a judgment or order, unless refusal to take such action appears to the court inconsistent with substantial justice. The court at every stage of the proceeding must disregard any error or defect in the proceeding which does not affect the substantial rights of the parties."

CR 61.02 provides that a palpable error which affects the substantial rights of a party may be considered although insufficiently raised or preserved.

The point is that unless the claimed error "appears * * * inconsistent with substantial justice" it is not reversible error. Assuming that this Court is right, which I doubt seriously, in saying that the trial court was in error in construing the commissioners' report and limiting the appellants' right to recovery at $11,000 for the land taken and at $500 for damages to the remainder of the tract, no error inconsistent with substantial justice has been shown.

The limitation on the recovery was contained in the instructions given after appellants had introduced their proof as to value and damages. The jury's award of $9,750 for the property and $250 for damages was well under the limitation, which indicates that the jury was not restricted by the limitation. Had the jury awarded the allowable limit then there would have been a proper basis for contending that the award was limited by the instruction and the giving of it was consequently prejudicial.

CR 61.01 and 61.02 make it plain that only error inconsistent with substantial justice is to be considered as prejudicial error. Under this record the assumed error was not shown to be so prejudicial.