Rufus **ROBINETTE** et al., Appellants,

v.

**COMMONWEALTH of Kentucky, DEPART-MENT OF HIGHWAYS, Appellee.**

Court of Appeals of Kentucky.

June 5, 1964.

80

P. H. Vincent, Edwin D. Rice, Ashland, for appellants.

John B. Breckinridge, Atty. Gen., William A. Lamkin, Jr., Asst. Atty. Gen., for appellee.

WILLIAMS, Judge.

The Department of Highways, Commonwealth of Kentucky, brought proceedings under KRS 177.081 to 177.089 to condemn 5.5 acres of a 65-acre farm and .43 acre of a non-contiguous 28-acre woodland plot, all owned by the appellants. Both parties appealed from the award of $12,638.32 allowed in the county court. The jury in the circuit court awarded $11,300 for the two segments taken. The landowners have appealed.

All buildings on the 65-acre farm were situated within the 5.5 acres taken, including a five-room house, barn, crib, 26 stanchion dairy barn, milk house, and other appurtenant structures. There were no buildings on the 28-acre tract, but the .43 acre taken was a level, cleared section providing access to the whole tract.

Appellants' initial contention raises for the first time the issue of negotiation, which is a condition precedent to condemnation proceedings of this kind. The Commonwealth in its complaint alleged its inability to contract or agree with the owners for the purchase of the land. The appellants did not deny the allegation, did not object or assert as error the right to condemn for lack of good faith negotiation and did not offer instructions bearing on the issue of negotiation.

Generally, a court of review must limit its considerations to those issues raised below and ruled on by the trial court. Commonwealth, Dept. of Highways v. Williams, Ky., 317 S.W.2d 482 (1958). In condemnation proceedings only those issues raised in the Statement of Appeal, or in the original exceptions, may be considered by the circuit court. KRS 177.-087(1). Davis v. Commonwealth, Dept. of Highways, Ky., 374 S.W.2d 513 (1964); Commonwealth v. Mayo, Ky., 324 S.W.2d 802 (1959). Moreover, without an objection or offer of instructions based on the jurisdictional fact of negotiation, the submission of the question of damages to the jury is equivalent to recognizing the prior establishment of negotiation. See Kendall v. Commonwealth, 286 Ky. 59, 149 S.W.2d 787 (1941).

Raising a number of evidentiary issues, the appellants object (1) to the lack of similarity of comparable tracts to the land condemned; (2) to the remoteness of time of sale and distance of the comparable properties; and (3) to the admission in evidence of a picture of comparable property which was photographed five months after the date of the taking.

The issue of similarity centers around six sales of property offered in evidence as comparable to this property by two of the Commonwealth's witnesses. Four of the tracts had houses, farm buildings and cleared pasture land. Timber was growing on three of the tracts, two of which had no buildings. Four of the tracts abutted blacktop roads. The properties were located within five miles of the property being condemned. The sales had been conducted one, two and three years previously. None of the tracts was operated as a dairy farm, but the witnesses considered the facilities readily adaptable to such use. One of the Commonwealth's appraisers, Allan Parke, was permitted to introduce a photograph of the buildings on a tract he considered comparable although it was photographed five months after the taking. Parke did not testify that there had been no change between the date of sale and the time the photograph was made, but another witness who had made the sale as a realtor testified there had been no change.

If properties are reasonably similar to the condemned land and a qualified expert states that, in his opinion, they are sufficiently comparable for appraisal purposes, the actual sale prices are admissible with dissimilarities being a matter left to examination and cross-examination. Commonwealth, Dept. of Highways v. Oakland United Baptist Church, Ky., 372 S.W.2d 412 (1963); Commonwealth, Dept. of Highways v. Finley, Ky., 371 S.W.2d 854 (1963); Stewart v. Commonwealth, etc., Ky., 337 S.W.2d 880 (1960). The Commonwealth's witnesses considered the properties sufficiently comparable for appraisal purposes. They stated their reasons for considering them comparable and explained the dissimilarities. Although the comparable properties were not dairy farms, they sufficiently resembled the appellants' property to bear on the issue of value and be of aid to the jury.

The proximity of the comparable properties to the appellants' land and the time they were sold were not so remote as to destroy their probative worth as comparisons of valuation and as the basis for the opinion of the witnesses. All of the comparable properties were within five miles of the appellants' land, and the sales were conducted within three years before the date of the taking. If distance or time of sale of comparable properties makes a difference, it is a matter to be developed by the expert under direct examination and cross-examination. Commonwealth, Dept. of Highways v. Lemar, Ky., 375 S.W.2d 678 (1964); West Kentucky Coal Company v. Commonwealth, etc., Ky., 368 S.W.2d 738 (1963).

The asserted error of admitting an unverified photograph of comparable property was remedied by the subsequent verification by the man who handled the sale of the property, who stated there had been no substantial change from the time of the sale to the time the photograph was taken. Generally, a photograph must be relevant to some material issue and not be prejudicial either by distortion, cumulative effect or grotesqueness. Since sales of comparable property are relevant as evidence of value, or as a basis for an expert's opinion, such photographs may be said to be related to a material issue in the case. The degree of similarity of the properties must be weighed by the jury in determining damages and photographs of comparable properties may aid them in their considerations. The admission of a photograph is within the discretion of the trial judge. 32 C.J.S. Evidence § 716, p. 625.

Another contention of appellants is that the Commonwealth's witnesses did not qualify as experts. They object to Allan Parke because he was not a native of Boyd County, never owned property in the county, never bought and sold property in the county, and had gained all his experience and knowledge of the value of Boyd County property from investigations made before and after the taking. Parke testified that he had five years' appraisal experience with a private firm and had received special training in real estate appraisal. Not only had his work for the Commonwealth been primarily in Eastern Kentucky and in Boyd County, but he had investigated 125 to 150 sales in Boyd County to acquaint himself with the real estate market there. He had talked with buyers, sellers, real estate dealers and bankers. He made a personal inspection of the property being condemned.

In Commonwealth, Dept. of Highways v. Citizens Ice & Fuel Company, Ky., 365 S.W.2d 113 (1963), this Court recognized that an expert valuation witness need not be acquainted firsthand with land values in the vicinity of the property under consideration. If the expert witness establishes his qualifications, states he has studied the real estate market and has seen the property condemned, his opinion will support a verdict unless obviously unreasonable or shown to be without any supporting basis.

Appellants object to Fred Gesling because he was qualified to value the property only as coal land and was unable to give an opinion of general value based upon land sales. Gesling, a civil engineer for 50 years, spent nearly half his time investigating and acquiring rights to coal property. In his collection of 5,000 to 6,000 mineral drillings, 50 were from Boyd County and one was drilled near the appellants' property. He believed the presence of coal under appellants' land did not add to its value because the overburden made stripping economically infeasible.

A witness who is qualified to render an opinion based on the availability of the property for a special use is not disqualified because he is unable to testify to its value for other purposes. Nichols, Eminent Domain, Vol. 5, section 18.41(3),

(3d ed. 1962). The jury was entitled to consider whether the presence of coal had a bearing on the value of the property. The fact that Gesling could not put a value on the land in general was a matter for the jury to weigh.

■ W. H. Miller did not see the property before the buildings were removed. He testified concerning the value of the bare land. It was obvious to the jury that he based his estimate on the land without buildings. His testimony was apparently ignored because the jury awarded damages which substantially exceeded his opinion of the value. The appellants were not prejudiced by the admission of his testimony.

■ The appellants further complain that the Commonwealth's witnesses did not consider the highest and best use of the land to be dairy farming, and that they were prejudiced by the failure to permit testimony showing the gross income from dairy operations which had been carried on there. The ultimate test of the type of use which is properly the criterion of market value is the use to which men of prudence and wisdom, having adequate means, would devote the property if owned by them. Nichols, Eminent Domain, Vol. 4, section 12.314, p. 140 (3d ed. 1962). There was no dairy operation at the time of the taking, but the landowners explained that the dairy had been moved after the Commonwealth advised them in 1959 of the proposed condemnation. The stated reason for abandoning the dairy was a new health regulation requiring a bulk tank cooler which appellants were unwilling to buy in view of the proposed condemnation. Witnesses for the Commonwealth made it clear they did not consider the land adaptable to a dairy operation without other acreage. There being a dispute about the best adaptable use of the land, the matter became a jury question. There was sufficient evidence to sustain the award of damages under either use of the property.

■ Gross income from farming, including milk sales, is a highly speculative measure of damages which is not admissible in condemnation proceedings. Where income is derived mainly from the skill of the operator rather than from the productivity of the property, testimony pertaining to that income should be excluded. Commonwealth, Dept. of Highways v. Smith, Ky., 358 S.W.2d 487 (1962); Commonwealth, Dept. of Highways v. Eubank, Ky., 369 S.W.2d 15 (1963).

■ Appellants contend further that the trial court erred in the instructions given, yet the appellants neither objected to the instructions nor offered any to correct the alleged errors at the trial. CR 51 prohibits as assignment of error the giving or failure to give an instruction unless the complaining party objects before the court instructs the jury and states specifically the matter and grounds for the objection. Blankenship v. Staton, Ky., 348 S.W.2d 925 (1961). See Clay, Kentucky Practice, Vol. 7, CR 51, p. 89, et seq.

■ Finally, appellants contend the award of the jury was inadequate. The jury awarded $300 for the .43 acre taken from the 28-acre tract. The lowest valuation placed on that tract by a Commonwealth witness was $464.50. The testimony of one of the appellants could have been construed in such manner as to permit the jury's award to fall within permissible limits. The difference between the amount awarded by the jury and the value placed on the property by the Commonwealth's witness was $164.50. Strangely enough the difference between an identical amount of $164.50 and $249.00 was the amount in controversy in Kappa v. Brewer, 207 Ky. 61, 268 S.W. 831 (1925). Judge Dietzman said in that case that for such a small amount the court would not reverse the judgment. To the same effect are Foley's Adm'r v. Robertson's Guardian, 215 Ky. 647, 286 S.W. 851 (1926); Nussbaum v. Standard By-Products Co., 216

Ky. 119, 287 S.W. 353 (1926); and Blanton v. Metz, Ky., 357 S.W.2d 306 (1962). Consequently, even if the appellants' testimony were ignored, the amount involved is so trifling as not to warrant a reversal. The remaining portion of the award for the 5.5 acres taken was well within the range of competent valuation.

The judgment is affirmed.