COMMONWEALTH of Kentucky, DEPART-
MENT OF HIGHWAYS, Appellant,

v.

Harrison ROBINETTE, Jr., etc., et al.,
Appellees.

Court of Appeals of Kentucky.

Feb. 5, 1965.

John B. Breckinridge, Atty. Gen., William A. Lamkin, Jr., Asst. Atty. Gen., Walter Mobley, Flemingsburg, for appellant.

A. W. Mann, P. H. Vincent, Ashland, for appellees.

MILLIKEN, Judge.

This is an appeal by the Department of Highways from a judgment in a condemnation case which was rendered prior to Commonwealth, Department of Highways v. Sherrod (1963), Ky., 367 S.W.2d 844. The land affected by the condemnation was a 128.8-acre tract jointly owned by Pearlie Robinette and her adult son, Harrison Robinette, Jr. The tract was used as a dairy farm and was composed of level, bottom land and hilly land, the Department taking 11.4 acres of the former and 28.9 acres of the latter for the construction of Interstate 64, or 40.3 acres altogether. The new road bisected the farm leaving approximately 20 acres of bottom land, the home and outbuildings on one side of the road and the remaining hilly land on the other side with no direct access between the two tracts, thus making the remaining land insufficient for and unusable as a dairy farm. The judgment of the Boyd Circuit Court totaled $50,000, $30,000 of which was for the land taken and $20,000 for resulting damages to the remainder.

The Department centers its attack on the admission of appellees' evidence as to the value of unmined coal underlying the dairy farm, the allegedly shocking amount of the judgment, and the failure of the trial court to eliminate from the judgment any increase over the county court judgment in the amount to be paid to Harrison Robinette, Jr., because of his failure to appeal the county court judgment.

The Department took no specific exceptions to the county court judgment based on the commissioners' allowances for the land actually taken, but confined its exceptions to the $11,280 allowed for the dairy barn, the $1,440 allowed for the milk house, and the $18,000 allowed for resultant damage. The trial in the Circuit Court is limited to the exceptions taken to the county court judgment. KRS 177.087; Commonwealth, Department of Highways v. Mayo, Ky., 324 S.W.2d 802; Davis v. Commonwealth, Department of Highways, Ky., 374 S.W.2d 513. The landowner offered evidence to sustain both the valuation placed on the dairy barn, which accommodated a heard of thirty dairy cows, and the valuation placed upon the milk house, but we do not pass upon whether the jury's allowances for these buildings were excessive, because we must reverse the case for reasons which appear later.

The joint owner, Harrison Robinette, placed a valuation of $110,000 on the farm before the taking and $30,000 after the taking. He had bought two lots approximating an acre about five miles away and said that land cost him $1,500. He stated that he had some knowledge of values in the area without specifying to what extent; his testimony asserted that the tract across the highway no longer was accessible for grazing and even if it otherwise could be so used it now was shut off from a source of the necessary water supply. This witness' testimony as to values was not very convincing, but we do not believe it was so vapid as to justify its exclusion. In the event of a retrial, consideration should be given to Commonwealth, Department of Highways v. Fister (1963), Ky., 373 S.W.2d 720, where the carte blanche privilege of a landowner to testify as to

the value of his land was sharply limited unless he established an adequate knowledge of land values in his community so as to qualify as a witness for that purpose.

The valuations offered by the landowners were based largely on the use of the land as a dairy farm and how that use was affected by the taking. Sales of other dairy farms in the county were said to be a sound basis for estimating the value of this dairy farm. Photographic exhibits in the record disclose better than oral testimony the quality of the property involved in this litigation, and the nearness of the property to Ashland, Catlettsburg and adjacent industrial areas supports the assertions of rapidly rising land values in the area.

■ The injection of the testimony about the amount of coal underlying the land, however, we believe was highly prejudicial. Estimates were made of the quantity of coal, a difference of opinion was expressed as to its mineability, but the implication was plain that it added to the value of the land taken. For example, the state's contract specified that any coal uncovered in the construction of the highway would be considered "waste" and could be sold by the contractor who had made arrangements to market it, and the contractor considered that in his bidding. One witness for the landowners estimated damages to the landowner to be $57,000, said he did not consider the presence of coal in reaching that figure, but admitted that he would have added to his estimation had he considered the presence of coal. This vein of testimony conflicted with the theory of recovery based on the use of the land as a dairy farm and its value for that purpose and, we conclude, must necessarily have confused the jury in reaching its verdict. The fact that the Commonwealth injected the presence of coal for the purpose of showing its unmineability did not justify the landowners in pursuing the subject for the purpose of adding the value of the coal to the value of the land as a dairy farm. (See

Commonwealth, Department of Highways v. Gearhart (1964), Ky., 383 S.W.2d 922, for a discussion of the use of evidence of coal deposits for the purpose of establishing market value when there is no intention or expectation of mining the coal in the near future.) The reference by one witness to the destruction of the business as an item of damage—$9,000 damages according to him— was improper, Newport Municipal Housing Commission v. Turner Advertising, Inc. (1960), Ky., 334 S.W.2d 767.

■ Riley v. Commonwealth, Department of Highways (1964), Ky., 375 S.W. 2d 245, is dispositive of the issue raised as to Harrison Robinette's interest in any amount recovered because he did not except to the county court judgment. In the event of a retrial his interest in the recovery should be reduced to eliminate from the Circuit Court judgment any increase in that judgment over the amount he would have received under the county court judgment.

The judgment is reversed for proceedings consistent herewith.