COMMONWEALTH of Kentucky, DEPARTMENT OF HIGHWAYS, Appellant,

v.

Thomas S. SILER, Jr., and Phelmia Siler, Appellees.

Court of Appeals of Kentucky.

Dec. 1, 1972.

Don Duff, Gen. Counsel, Dept. of Highways, Frankfort, Phillip K. Wicker, Harris & Wicker, Wendell V. Lyon, Jr., Somerset, for appellant.

John J. Tribell, Tribell & Tribell, Middlesboro, for appellees.

STEINFELD, Chief Justice.

In condemnation proceedings in the Bell County Court it was ordered on October 7, 1968, that the landowners be awarded $20,000, the amount fixed by the commissioners, for the taking of the subject property, a tract of land on which was located a restaurant. The condemnor, the Kentucky Department of Highways, and the landowners appealed to the circuit court where the case was tried before a jury, which returned a verdict for $25,000. From the judgment entered on September 18, 1969, for that amount the Highway Department appeals. We reverse.

Appellees did not file a brief; therefore under RCA 1.260(c) we may "(1) Accept the appellant's statement of the facts and issues as correct; or (2) reverse the judgment if appellant's brief reasonably appears to sustain such action; or (3) regard the appellee's failure as a confession of error and reverse the judgment without considering the merits of the case." We find that the arguments presented in appellant's brief would justify our summarily reversing the judgment and remanding the case for retrial without further comment. However, we believe it may be helpful to provide some guidance to the trial court and the parties to aid them in the retrial of the case.

The Commonwealth's arguments seem to be mainly addressed to the admission of incompetent evidence that was presented over objection through each of the landowners' witnesses. Appellee Thomas S. Siler, Jr. gave evidence concerning the earnings of the restaurant. Then, after giving his estimate of the property's value, Siler was asked on cross-examination what value he placed on the property excluding all items of equipment that were used in his business. He answered, "I couldn't break down anything on that. All I know is the overall property * * *." Charles Hillman, a witness for the landowners, testified as to his estimate of the property's value and then stated on cross-examination, "I am saying the business and property as a whole would be worth $25,000." Charles Gordon, the landowners' final witness, answered when asked the basis of his estimate of the property's value, "They had a business going there and were making money."

In a previous consideration of whether injury to business or loss of profits is a proper element of compensation in condemnation proceedings we stated:

"If there is one thing about which there seems to be a unanimity of opinion on this subject, it is that the injury to business or loss of profits is not a proper element of compensation for land taken in condemnation proceedings. 18 Am. Jur., Eminent Domain, Section 259 (page 889); Section 345 (page 988); Nichols on Eminent Domain, 3rd Ed., Vol. 5, Section 19.3 (page 222); 7 A.L.R. 134. Orgel on Valuation Under Eminent Domain, 2d Ed., Vol. 1. Section 162 (page 655)." City of Newport Municipal Housing Commission v. Turner Advertising, Ky., 334 S.W.2d 767 (1960).

In Commonwealth of Kentucky, Department of Highways v. Smith, Ky., 358 S.W. 2d 487 (1962), we dealt specifically with the condemnation of a tract on which a restaurant was located. In reversing we said " * * * on a new trial it will be proper to show the adaptability of the property for business purposes, as well as its location, as elements to be considered in determining its value before the taking

* * * But damage to the business on the land is not a proper element to be considered." We also added and find it equally applicable in the present instance to conclude that " * * * where income is derived mainly from the skill of the operator rather than from the productivity of the property, any testimony pertaining to that income should be excluded."

The judgment is reversed for a new trial consistent herewith.

All concur.