Joyce Lee HOFFMAN, Appellant,

v.

Bobby Lee HOFFMAN, Appellee.

Court of Appeals of Kentucky.

July 1, 1977.

Elizabeth E. Vaughn, Vaughn & Vaughn, Henderson, for appellant.

M. S. Mahurin, Henderson, for appellee.

Before COOPER, LESTER and WHITE, JJ.

LESTER, Judge.

On December 22, 1975, the trial court entered a decree of dissolution of marriage which disposed of all issues except the amount of permanent child support and division of the property of the parties. By Decree of April 16, 1976, which included Findings of Fact, the court below awarded $25.00 per week for the support of the infant daughter and ordered the husband to provide for the seventeen year old son. The chancellor found that the parties had certain real and personal property and because he was "unable to ascertain from the pleadings and proof the reasonable value of said property in order to make a fair and equitable distribution of said property", he ordered all of it sold at a public auction by an auctioneer at such time, place and under such conditions as were to be determined by the auctioneer. From the proceeds of that sale, there were to be paid the costs of the sale, the costs of court, $1,500.00 to each attorney, any non-business debts of the parties in existence prior to their separation, and $500.00 to petitioner as arrearage on child support. Any sums remaining would be divided equally. The notice of entry of judgment was August 4, 1976, and appellant filed her notice of appeal on August 19, 1976.

Petitioner below filed her statement and brief in this Court on December 14, 1976, and appellee failed to file any document whatsoever within the time allotted to him, namely, January 13, 1977, which resulted in appellant's motion of May 4, 1977, to dispose of this appeal under the provisions of RAP 1.260. We note that counsel for the wife certified that not only did she serve the husband's attorney but also respondent at a Houston, Texas address. On May 12, 1977, by way of response, appellee states that in the early part of December, 1976, he dismissed his trial attorney and that "expense and other difficulties" have prohibited him from filing a brief and he asks that we consider the case on its merits because he believes the judgment below "to be fair and equitable." We refuse to do so for several reasons.

■ Appellee was deemed to be on notice that this cause was appealed on August 19, 1976, and instead of responding thereto, he dismissed his attorney in December of that year. Moreover, he continues in his lethargy for some five additional months and then wants his case considered on its merits giving as his only excuse for his apathy that to reply would involve expense among "other difficulties." We are authorized by RAP 1.260 to impose certain penalties and subsection (c)(3) of that rule permits this Court to regard the appellee's failure to comply with RAP 1.230 as a confession of error and reverse the judgment without considering the merits of the case. That penalty is

appropriate in the circumstances. *Commonwealth v. Skiadas,* Ky., 454 S.W.2d 110 (1970). This approach has been taken in domestic relation matters, *Cartwright v. Cartwright,* Ky., 419 S.W.2d 576 (1967) but not in cases involving child custody, *Borjesson v. Borjesson,* Ky., 437 S.W.2d 191 (1969) which means we will affirm the decree of dissolution of marriage dated December 22, 1975, which determined the child custody question.

■ The appellant contends that the record is in such a state of confusion that the further taking of proof will be necessary and we are of the opinion that the brief sustains this contention especially when the trial court reached the same conclusion in its findings of fact, supra. However, as did the court in *Commonwealth v. Siler,* Ky., 487 S.W.2d 926 (1972), we believe it may be helpful to provide some guidance to the trial court and the parties to aid them in the retrial of the case.

KRS 403.190 sets forth the factors to be considered in the division of property. In the case at bar, the parties came into the marriage having no property and subsequent thereto, they acquired several businesses, a home, furniture, automobiles and various items of personalty. The values of these items should be determined as well as the debts of the parties. We are unable to glean from the record to whom the restaurant business belongs, what are its liabilities and who operated it. There is nothing to indicate the income of these individuals and who has the greater ability to pay support at the time of the proceedings and in the future. We are unaware of the wife's training to enter either a profession or the industrial arena. We believe the court should require further proof under its direct supervision or that of the master commissioner and at the conclusion thereof, apply the principles of the statute and cases decided thereunder.

The judgment of the Union Circuit Court entered December 22, 1975, as to the dissolution of marriage and award of custody of the children is affirmed and the judgment of April 16, 1976, is reversed for further proceeding in conformity with this opinion.

All concur.